## COMMONWEALTH v. CHARLES HOLSTINE.

APPEAL BY DEFENDANT FROM THE COURT OF QUARTER SES
SIONS OF MONTGOMERY COUNTY.

Argued February 6, 1890—Decided February 17, 1890.

[To be reported.]

1. A plea of non volo contendere to an indictment, although not technically a plea of guilty, is so in substance, and justifies the court in
imposing sentence upon the defendant: Buck v. Commonwealth, 107
Pa. 486.
2. To sustain a conviction for unlawfully selling intoxicating liquors, under the act of May 13, 1887, P. L. 113, it is not necessary for the commonwealth to prove a criminal intent; if the sale be contrary to the
act, the intent is immaterial.*
3. A licensed bottler selling liquor in a county other than that covered by
his license, is liable to the punishment provided by said act for selling
without license, and not merely to that imposed upon violations of the
law by licensed persons.†
(a) A driver in the employ of a bottler having a license in Philadelphia
county, took orders in Montgomery county for liquors.   The liquors
ordered were loaded upon the employer's wagon in Philadelphia, and

_____

* See Commonwealth v. Sellers, 130 Pa. 32.
† See Commonwealth v. Sweitzer, 129 Pa. 645.

Statement of Facts.

delivered to the purchasers in Montgomery county by the driver, who collected the money therefor:

4. This was clearly a sale and delivery in Montgomery county, and the driver being protected by his employer's license only where the employer himself would be protected, was properly convicted and sentenced for selling liquors without license in Montgomery county.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 102 January Term 1890, Sup. Ct.; court below, No. 93 June Term 1889, Q. S.

On June 6, 1889, the grand jury returned as a true bill an indictment charging Charles Holstine with the offence of selling liquors without a license in the county of Montgomery. On October 7, 1889, the defendant, being called for trial, entered a plea of non volo contendere, and the case was thereupon heard by the court, WEAND, J., upon the following agreed statement of facts:

"The defendant, as the driver and agent of George W. Otto, a regularly licensed bottler of the city of Philadelphia, within two years last past received, in Montgomery county, orders for lager beer and porter for his employer, from Wm. B. Carman, and subsequently filled these orders by delivering for his employer lager beer and porter from the wagon of Otto to said Wm. B. Carman, and he collected for his employer the price of the lager beer and porter when delivered in this county. No lager beer or porter was delivered in less quantities than one quart. Defendant was employed by Otto, on a weekly salary, with no commissions or profits from any lager beer or porter thus delivered by him for his employer. The defendant has no license whatever for the sale of intoxicating liquors, and all his acts were done in the course of his employment by George W. Otto, who has no license from the courts of Montgomery county, his only license being the bottler's license granted by the courts of Philadelphia."

The court, upon consideration of the foregoing, entered against the defendant a judgment of guilty upon his plea; exception.[1]

Subsequently, after argument, a rule for a new trial was discharged, and the court pronounced the following sentence:

Arguments.

"And now, Nov. 18, 1889, the motion for a new trial having been overruled, and the prisoner called upon for sentence, and the court being of opinion that under the fifteenth section of the act of May 13, 1887, the court is bound to sentence under the first paragraph of said section, do now sentence the prisoner to pay a fine of $500 to the commonwealth, and the costs of prosecution, and that he undergo an imprisonment in the Montgomery county jail for the period of three months from this date, and that he stand committed until this sentence is complied with."

Thereupon the defendant, having obtained a special allowance thereof, together with an order of supersedeas, took this appeal, assigning for error:

1. The entry of the judgment of guilty upon the facts shown.[1]

2. The sentence pronounced against the defendant.[2]

*Mr. Montgomery Evans* (with him *Mr. Louis M. Childs*), for the appellant:

1. It is conceded that there was no criminal intent in this case, and the rule of law that in misdemeanors all who participate in the criminal act are principals, should not be so harshly applied as to render this driver liable to heavy fine and imprisonment for acts done by him in the course of his employment under a bottler, who, as he knew, had a license. If guilty, he is so through construction of law, a construction such as renders a good law oppressive and odious ; but, if his employer's license authorized such sales and deliveries in Montgomery county, as were made in this case, he cannot be guilty ; his guilt cannot be higher than his employer's. Otto's license made it lawful for him to sell his product outside of the limits of Philadelphia : Pollard's Petition, 127 Pa. 507; and the right of sale necessarily includes the right to deliver by wagon.

2. Such a construction of the law as would require deliveries outside the county to be made by railroads and express companies, at greater cost to the people, should not be engrafted on this highly penal statute, which does not so provide in express terms. When the ale and beer were set apart by the defendant's employer for the purchaser who ordered it, and were placed upon the wagon, the sale was complete, and they became the purchaser's property. For any further purpose of

Arguments.

delivery the driver was the purchaser's agent. He was not instructed to demand payment, and whenever he carried the money to his employer he did so simply for the purchaser's convenience. The sales were complete in Philadelphia: Commonwealth v. Fleming, 130 Pa. 138. Every intendment of fact and law should be made in favor of the defendant. What was innocently done, for the convenience of the purchaser, should not be converted into a crime by a technical inference applicable to a civil contract. And even if Otto be technically guilty, it does not follow that the defendant, who might well suppose his employer had authority to make the sales in that way, is criminally liable: 1 Bennett's Lead. Crim. Cases, 157, editor's note.

3. The sentence was erroneous. At most the defendant could not be sentenced more severely than his employer would be, unless he himself had a specific intent to violate the law. The sentence was the minimum imposed by the first provision of § 15, act of May 13, 1887, P. L. 113, for sales made without license. As the defendant's employer was a licensed bottler, the sentence should have been under the next provision of that section, imposing punishment upon "any person having license" who shall violate "any of the provisions of the license laws." As the defendant was the employee of a licensed dealer, he had a license within the words and intent of the law. Was he convicted of a violation of the license laws; if not, then he committed no offence. A licensed vender who sells on Sunday, a day upon which his license does not authorize him to sell, cannot be convicted thereof under an indictment charging a sale without a license: Commonwealth v. Naylor, 34 Pa. 86. There is no reasonable distinction between a license restricted as to time, and one restricted as to place.

*Mr. Henry M. Brownback*, District Attorney, *Mr. Irving P. Wanger* and *Mr. J. A. Strassburger*, for the appellee, were not heard. In their brief filed they urged:

1. Under all the decisions of this court, Montgomery county, and not Philadelphia, was the place of these sales, and the defendant was guilty of selling without license, notwithstanding that his employer had a license in Philadelphia: Stewart v. Commonwealth, 117 Pa. 378; Garbracht v. Commonwealth,

96 Pa. 449; s. c. 1 Penny. 471; Commonwealth v. Fleming, 130 Pa. 138; Zinner v. Commonwealth, 22 W. N. 97. When a statute prohibits acts not malum in se nor infamous, without anything confining its operation to cases where they are done knowingly, a criminal intent need not be proved, as the offender is bound to know the law: 4 Am. & Eng. Encyc. of Law, 681. It was the defendant's duty to inform himself as to whether his employer had a license authorizing sales in Montgomery county: Zinner v. Commonwealth, supra.

2. It is idle to say that the employer, Otto, had a license in Montgomery county, within the meaning of the second paragraph of § 15, act of May 13, 1887, P. L. 113. This court has uniformly held that a sale beyond the bounds of the county in which the license was granted, is a selling without license. How then can any other sentence be imposed than that provided for in the case of unlicensed sales? Commonwealth v. Naylor, 34 Pa. 86, is not analogous. That case arose prior to the act of February 26, 1855, P. L. 53, prohibiting the sale of intoxicating liquor on Sunday. Naylor could not be convicted of selling without license, because his license covered Sundays as well as other days, and it did not authorize sales on Sundays simply because the Sunday law of April 22, 1794, 3 Sm. L. 177, was not repealed.

OPINION, MR. CHIEF JUSTICE PAXSON:

The defendant, appellant, was indicted in the court below for selling liquor without a license. To this indictment he pleaded non volo contendere. This, although not technically a plea of guilty, is so in substance, and justifies the court in imposing sentence: Buck v. Commonwealth, 107 Pa. 486. We may therefore safely pass by the somewhat elaborate argument to show that the defendant was not guilty, with the single remark that it is not necessary to sustain a conviction for selling intoxicating liquors under the act of 1887 for the commonwealth to prove a criminal intent. It is enough to show the sale, when the defendant may, if he can, shield himself behind a license. If the sale is contrary to law, the intent has nothing to do with it. A contrary ruling would fritter away the act of 1887, and convictions under it would be rare.

The defendant had no license. He was in the employ of one

### Opinion of the Court.

George W. Otto, a licensed bottler having his place of business in the city of Philadelphia. The defendant was the driver of Otto's wagon, and a portion of his route lay through Montgomery county. His duty was to deliver bottled ale and beer, ordered by Otto's customers, to the persons who had ordered it. He was in the habit of taking orders in that county, which he returned to his employer in Philadelphia, who filled the orders ; the beer and ale were loaded upon defendant's wagon, and he delivered the same in Montgomery county, collected the money, and returned it to his employer. The transaction for which the defendant was indicted was of this character. This was clearly a sale and delivery in Montgomery county. The license held by Mr. Otto authorized him to sell in Philadelphia. He had a right to sell to any person in the commonwealth, provided the sales were made at his place of business: Commonwealth v. Fleming, 130 Pa. 138. But he had no right to peddle his beer through other counties not covered by his license, and make sales there. The defendant had no license, and is only protected where his employer would be protected. So far as sales in Montgomery county are concerned, Otto had no license ; and his license issued in Philadelphia would have been no answer to this indictment, had it been found against him.

The sentence was imposed under the first paragraph of § 15 of the act of 13th May, 1887, P. L. 113, which provides that " any person who shall hereafter be convicted of selling, or offering for sale, any vinous, spirituous, malt or brewed liquors, or any admixture thereof, without a license, shall be sentenced to pay a fine of not less than $500, nor more than $5,000, and undergo an imprisonment in the county jail of not less than three months, nor more than twelve months." The court below imposed the minimum punishment fixed by the act. It was contended that the sentence should have been under the second paragraph of said section, which provides a lighter punishment where persons having a license are convicted of violating any of the provisions of the license laws. For the reasons already given, we think the sentence was proper. It follows the indictment strictly, and, as before observed, neither the defendant nor his employer was licensed to sell in Montgomery county.

Statement of Facts.

It was urged that this was a hard case; that the defendant sold ignorantly, and did not know he was violating the law. This may be so, but we cannot accept the plea of ignorance for violations of the act of 1887. The devices to evade it are so numerous and so adroit, and the consequences of its violation are so serious to the welfare and good order of the community generally, that we think it the duty of the courts to enforce the law rigidly. It is needed that all those who engage in this traffic in violation of law should know that the way of the transgressor is hard.

> The judgment is affirmed, and it is ordered that Charles Holstine, the appellant, surrender himself forthwith to the keeper of the Montgomery county prison, there to undergo the sentence imposed upon him by the court below.