## Braddock Glass Co. *v.* Irwin & Co., Appellants.

*Sale and delivery—Common carrier—Agent of vendor.*

Where goods sold are to be delivered by the vendor to the vendee at a certain place, and are not so delivered, it is error for the court to submit to the jury whether they were delivered, or whether they were negligently detained by the carrier. The carrier in such case is the agent of the vendor and the vendor alone is responsible for his neglect.

Argued Nov. 9, 1892. Appeal, No. 25, Oct. T., 1892, by defendants, Chas. I. Travelli, C. P. Tiers and Geo. W. Irwin, trading as James Irwin & Co., from judgment of C. P. No. 2, Allegheny Co., July T., 1880, No. 447, on verdict for plaintiffs, W. R. McCloy et al., trading as Braddock Glass Co., Limited. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit for goods sold and alleged to have been delivered.

At the trial, before MAGEE, J., the evidence tended to establish the following facts:

On May 1, 1889, the senior member of plaintiffs' firm went to the office of defendants, who were manufacturers of and dealers in chemicals in the city of Pittsburgh and offered for sale ten casks of soda-ash then in transit from Baltimore to Rankin station. Defendants agreed to purchase the soda-ash, provided they could induce their customer to take it and provided the delivery of the soda-ash should be promptly made to them at the 43d Street station of the Pittsburgh Junction Railroad in the city of Pittsburgh. The goods were not such goods as could be disposed of in the market. On the same day defendants consulted their customer and found him willing to purchase, and telegraphed to plaintiffs their acceptance of the proposition of sale. On May 13, the goods had not yet been delivered to them at the 43d Street station of the Pittsburgh Junction Railroad, and defendants notified plaintiffs in writing

that the contract was rescinded on account of their failure to deliver. In the meantime defendants' customer had made demand upon them for the goods, and compelled them to purchase elsewhere to fill his order. The witnesses differed as to the place at which, under the contract between the parties, the goods purchased by defendants were to be delivered, and to whom they were to be delivered, plaintiffs claiming that the delivery was to be made at Rankin station, and not at the 43d Street station aforesaid.

Defendants' points were as follows:

"1. If the jury find from the evidence that the contract between the parties was that the plaintiffs should deliver the soda-ash at Forty-third street, Pittsburgh, then under the evidence in this case there can be no recovery. *Answer:* This point is refused. I decline to say that there could be no recovery in this case if you should find that the contract called for a delivery at Forty-third street. In such case it would, in my opinion, be your duty still to inquire from all the evidence whether or not the plaintiffs had made a delivery of the goods at that point, and that the goods were there awaiting removal by the defendants, or were negligently detained by the railroad at the place of delivery." [1]

"2. If the jury find from the evidence that the plaintiffs agreed to sell the soda-ash to defendants promptly delivered at Forty-third street, Pittsburgh, then under the evidence in this case the verdict must be for defendants. *Answer:* This point is refused. I leave as a fact to be found by you, if you find the contract to be one of 'prompt delivery,' whether or not under the evidence such delivery by the plaintiffs has taken place. Prompt delivery has no definite or fixed meaning, but will depend for its construction upon the circumstances and the extent of the delay complained of." [2]

The court charged in part as follows:

["If the goods were at the Forty-third Street station on the 9th, and the plaintiffs had complied with a delivery at that place, if that was the contract place of delivery, and the delay was not owing to the fact that the goods were not there, but to the negligence of the railroad in delivering the goods, the fault would rest with the railroad and not with the shipper.] [3]

["If, however, the agreement of the parties was that the

goods were to be delivered to the defendants at Forty-third street, a delivery at that point would be required in order to subject the defendants to payment for the goods. In that event, however, the law would cast upon the plaintiffs the burden of a delivery at Forty-third street within a reasonable time, either as an ordinary delivery or a prompt delivery, according to the agreement and circumstances of this case. If the goods were at the appointed place, in proper time, and in the hands of the carrier agreed upon for delivery of goods, I take it to be the case that the delivery by the plaintiffs is completed, and the goods thereupon became the property of the purchaser, and for any delays in delivery, or loss sustained, as the owner of the goods, his remedy would be against the carrier and not against the vendor."] [4]

Verdict and judgment for plaintiffs for $380.61. Defendants appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*C. C. Dickey*, for appellants.—When the vendor sells goods, undertaking to make delivery himself at a distant place, the carrier is the vendor's agent: Benj. on Sales, § 1040; Dunlop v. Lambert, 6 C. & F. 600; The Venus, 8 Cranch, 253; Sneathen v. Grubbs, 88 Pa. 147; Devine v. Edwards, 101 Ill. 138; Taylor v. Turner, 87 Ill. 296.

*James Balph, R. A. Balph* with him, for appellees.—If the goods were delivered to a carrier specially designated by the purchaser, the carrier becomes the agent of the purchaser, and the title to the property passes the moment the goods are dispatched: 5 Wait's A. & Def., page 573; Glen v. Whitaker, 51 Barb. 451; Spencer v. Hale, 30 Vt. 314; Bradford v. Marbury, 12 Ala. 520; 1 Parsons on Contracts, page 532.

OPINION BY MR. JUSTICE STERRETT, January 3, 1893:

Defendants' contention was that the goods, for the price of which this suit was brought, were to be delivered to them by the plaintiff company at the Forty-third Street station of the Junction Railroad Company in Pittsburgh. The evidence tended to prove that such was the contract between the parties. No delivery at that point was shown. On the contrary, it appeared that neither the plaintiff nor the railroad company delivered or offered to deliver them there when defendants were

entitled to receive them. In view of the evidence, from which the jury would have had no difficulty in finding these facts, or at least would have been warranted in finding them, defendants requested the court to charge :

" First. That, if the jury find from the evidence that the contract between the parties was that the plaintiff should deliver the soda-ash at Forty-third street, Pittsburgh, then, under the evidence in this case, there can be no recovery."

The learned judge's answer was : " This point is refused. I decline to say that there could be no recovery in this case if you find that the contract called for a delivery at Forty-third street. In such case it would, in my opinion, be your duty still to inquire, from all the evidence, whether or not the plaintiff had made a delivery of the goods at that point, and that the goods were there awaiting removal by the defendants, or were negligently detained by the railroad company at the place of delivery."

There was no evidence that " plaintiff had made a delivery of the goods at that point," or " that the goods were there awaiting removal by the defendants," at least not at the time they should have been delivered there. It was therefore error to submit to the jury these inquiries, of which there was no sufficient evidence. Still more was it error to permit them, in the circumstances, to inquire whether the goods " were negligently detained by the railroad company at the place of delivery." This instruction ignores the recognized principle that where goods are to be carried by the vendor to a certain place and there delivered to the vendee, the carrier is the agent of the former and not of the latter ; and that the vendor is responsible for the negligence or misconduct of his agent : McNeal v. Braun, 53 N. J. Law, 617 ; Sneathen v. Grubbs, 88 Pa. 147 ; Scott v. Wells, 6 W. & S. 357 ; Benj. on Sales (1883), § 1040. In the latter, the learned author, after referring to the general principle, that, where the vendor is bound to send the goods to the purchaser, delivery to a common carrier is a delivery to the purchaser, etc., proceeds to say : " If, however, the vendor should sell goods, undertaking to make the delivery himself at a distant place, thus assuming the risks of the carriage, the carrier is the vendor's agent :" 6 Cl. & Fin. 600.

In McNeal v. Braun, supra, the plaintiff, a coal dealer, con-

tracted with defendant to sell and deliver to him at Burlington a lot of coal at $4.10 per ton delivered. The coal was selected by plaintiff from his stock, loaded in a barge selected by him, and, reaching Burlington safely, was moored alongside defendant's wharf for the purpose of unloading, just before usual quitting-time in the evening. During that night the barge sank, and the coal was lost. In an action to recover the contract price of the coal it was held that, when vendor contracts to deliver goods to vendee at a particular place, the carrier selected by vendor is his agent to perform the contract to deliver; and the vessel in which the goods are carried is pro hac vice the vendor's vessel, and he must bear the responsibility for the carrier's negligence, and for the condition of the vessel.

Substantially the same principle is recognized in Sneathen v. Grubbs, supra.

In view of what has been said, we think the learned judge erred in refusing to affirm defendants' first point. The first specification is therefore sustained.

Substantially the same error pervades those portions of the charge recited in the third and fourth specifications respectively. In each of these, the consequences of the railroad company's delay or negligence in not delivering the goods when they should have been delivered, etc., are charged to defendants instead of to the plaintiff, whose agent the railroad company was in the circumstances contended for by defendants.

We are not satisfied there was any error in refusing defendants' second point as presented.

Spencer v. Hale, 30 Vt. 314, cited and relied on by plaintiff, is not in point. The goods were sold delivered on defendants' cars at point of shipment. Sale and delivery were perfected at that point.

The same remark is also applicable to Glen v. Whitaker, 51 Barb. 451, and Bradford v. Marbury, 12 Ala. 520, cited by him.

Judgment reversed, and a venire facias de novo awarded.