# Commonwealth v. Pollak, Appellant.

*Liquor law—Selling without license—Taking orders for brewery.*

On the trial of an indictment for selling liquor without a license, it appeared that the defendant was a groceryman and also the agent of an express company, and that when one of his customers applied for beer it was his practice to sell him a money order of the express company and forward this order to a brewing company in another county, together with the name of the person who was to receive the beer, whereupon the beer was shipped by rail in care of the defendant, or of a drayman, doing business in the place, each package of beer having attached to it the name forwarded by the defendant. It appeared that in some cases no written order was given, and the purchaser did not know where, or from whom the beer was to be obtained. Some of it was delivered by a drayman employed by the defendant. Some of the purchasers paid nothing for the delivering of the beer to them. *Held,* that the question whether the defendant sold beer in the place where he resided, was for the jury, and that a conviction should be sustained.

Argued April 8, 1907. Appeal, No. 85, April T., 1907, by defendant, from judgment of Q. S. Butler Co., March T., 1906, No 48, on verdict of guilty in case of Commonwealth v. Joseph Pollak. Before RICE, P. J., HENDERSON, MORRISON, HEAD and BEAVER, JJ. Affirmed.

Indictment for selling liquor without a license.    Before GAL-BREATH, P. J.

The facts appear by the opinion of the Superior Court.

Verdict of guilty, upon which judgment of sentence was passed.

*Errors assigned* were the various instructions.

*S. F. Bowser*, with him *W. Z. Murrin, A. L. Bowser, F. X. Kohler* and *B. A. Winternitz*, for appellant.

*Samuel Walker*, district attorney, for appellee, cited : Com. v. Guja, 28 Pa. Superior Ct. 58 ; Com. v. Holstine, 132 Pa. 357.

OPINION BY HENDERSON, J., May 13, 1907 :

The defendant was engaged in the grocery business in Lyndora, a suburb of Butler in Butler county.   His conviction was for selling liquor without a license.   Numerous foreigners working in the vicinity went to the defendant's store to procure beer.   Some of them were unable to read or write.   The defendant had in connection with his business an agency of the American Express Company and when one of his customers applied for beer it was his practice to sell him a money order of the express company and forward this order to a brewing company at New Castle, together with the name of the person who was to receive the beer, whereupon the beer was shipped by rail in care of the defendant or of a drayman doing business in the place, each package of beer having attached to it the name forwarded by the defendant.   In some instances written orders were given by the purchaser to the defendant to be forwarded to the brewery.   In other cases, as shown by the commonwealth's evidence, no order was given and the purchaser did not know where or from whom the beer was to be obtained. It appeared from the commonwealth's evidence that some of the consignments were in care of a drayman who was employed by the defendant to deliver the packages to the persons whose names were marked thereon.   Some of the purchasers did not pay anything for the delivering of the beer to them.   The brewing company acknowledged to the defendant and his

brother the receipt of express money orders forwarded by them for the beer, which they directed to be shipped to the persons named by them.  According to the testimony of one of the witnesses for the commonwealth the defendant employed him to deliver beer from the railroad station to the purchasers and gave directions with reference thereto.  One of the draymen in whose care consignments of beer were made was not advised of such shipments until directed by the defendant to distribute the packages to the purchasers ; nor was he employed by such purchasers, nor paid by them for such deliveries.  The defendant's allegation was that his relation to the business was that of furnishing express money orders and transmitting them on request to the brewery and that his only connection with the business of the brewing company was that he was employed by that company to collect the empty packages and return them to the brewery, for which he received compensation ; that he was not interested in the sale of the beer.  Whether the transactions amounted to sales in Butler county was clearly a question of fact to be passed upon by the jury.  It was the undoubted right of the brewing company to ship to its customers by delivery to the railroad company on all orders received in the regular course of business, although the beer was consigned to parties living outside of the county in which the brewery was located : Com. v. Fleming, 130 Pa. 138.  Such sales are to be considered as made at the place of business of the dealer, and if this were all that was shown in the present case there would be no foundation to support the conviction.  The evidence was sufficient, however, to warrant the conclusion that the plan adopted by the defendant was a device to evade the law ; that he was a middleman dealing directly with customers who did not know of the whereabouts or existence even of the brewing company.  The ignorant people who bought the beer were unfamiliar with business methods or the means necessary to be adopted to make their purchases lawful.  So long as their wants were supplied it was a matter of no concern what method was adopted.  Some of them, at least, only knew the defendant in the transaction.  They gave their orders to him ; he received their money and directed the delivery of the beer to them.  The consignment by the brewing company was not necessarily equivalent to a delivery.  Whether it had that effect

is a question of intention to be determined from all the circumstances of the case.    The marking of the packages would not conclusively give to the transaction the character of a sale directly to the persons whose names were placed thereon.    It might amount to a designation for the convenience of the defendant, and the shipment of the goods in his care, and the acknowledgment to him by the brewing company of the receipt of the money transmitted gives color to that inference.    In the light of the evidence offered there is no substantial ground for criticism of the charge of the court.    The issue was clearly and fairly stated and the jury could not have been misled as to the questions submitted for their consideration.    The court's reference to the testimony of Harry Sutton was not improper in view of the character of the defense.    His testimony was important and went far, if believed, to support the commonwealth's case.    The trial judge did not assume, however, that his testimony was true.    The question of its credibility was left to the jury.    Taking the portions of the charge assigned for error in connection with their context, we think they are not open to the criticism of partiality.    The ruling of the court on the objection to the evidence as set forth in the fifth assignment of error was correct.    The defendant claimed that he was not in any way interested in or concerned with the shipment of the beer.    It was pertinent, therefore, to ascertain whether the brewing company had not made shipments in his care.    Of like character is the letter, exhibit 5, the admission of which is assigned for error in the sixth specification.    This letter shows that the defendant and his brother sent money orders to the brewing company for the shipment of thirty-one kegs and forty-two cases of beer for seventeen different persons.    It supports the allegation of the commonwealth that the defendant was engaged in the sale of liquor and that his mode of business was adopted to protect him from liability for unlawful selling.    The case is within the doctrine of Com. v. Holstine, 132 Pa. 357 and Com. v. Guja, 28 Pa. Superior Ct. 58 and was properly submitted to the jury under the evidence.

The judgment is affirmed and the record is remitted to the court below for the purpose of execution.