## Commonwealth *v.* Tynnauer, Appellant.

*Liquor law—Selling without a license—Sale by agent.*

On the trial of an indictment for selling liquor without a license the evidence tended to show that the defendant represented a firm of liquor dealers in another state, that he took orders from various persons in Pennsylvania for small quantities of liquors, such persons not signing the orders, that the principals on receiving the orders filled them and sent them, charges prepaid, by express C. O. D. to the purchasers, who went to the express office, paid for the packages and took them away. The court submitted to the jury the question whether the sale was made in this state, or whether it was complete when the goods were delivered to the carrier in the other state. *Held* that a conviction should be sustained.

Argued April 8, 1907. Appeal, No. 86, April T., 1907, by defendant, from judgment of Q. S. Butler Co., March T., 1906, No. 50, on verdict of guilty in case of Commonwealth v. Samuel Tynnauer. Before RICE, P. J., HENDERSON, MORRISON, HEAD and BEAVER, JJ. Affirmed.

Indictment for selling liquor without a license. Before GALBREATH, P. J.

The facts appear by the opinion of the Superior Court.

Verdict of guilty, upon which judgment of sentence was passed.

*Error assigned* was in submitting the case to the jury.

*S. F. Bowser*, with him *A. L. Bowser* and *Theo. C. H. Keck*, for appellant.—The place of sale is the point at which goods ordered are set apart and delivered to the purchaser, or a common carrier who, for the purposes of delivery, represents him : Garbracht v. Com., 96 Pa. 449 ;. Commonwealth v. Fleming, 130 Pa. 138 ; Commonwealth v. Hess, 148 Pa. 98 ; Pittsburg Glass Co. v. Doubleday et al., 2 Pa. Superior Ct. 170.

Where, in the trial of an indictment, the facts in evidence are admitted or undisputed, and are insufficient to establish that the offense charged has been committed by the defendant, it is the duty of the court, on request therefor, to direct the jury

to return a verdict of not guilty: Commonwealth v. Ruddle, 142 Pa. 144; Commonwealth v. Zuern, 16 Pa. Superior Ct. 588; Commonwealth v. Harris, 168 Pa. 619; Pauli v. Commonwealth, 89 Pa. 432; ·Commonwealth v. Hess, 148 Pa. 98.

. *Samuel Walker,* for appellee.—The testimony in this case does not warrant the application of the general rule in regard to the place of sale, but the modified rule as stated in Gerbracht v. Commonwealth, 1 Pennypacker, 471, is the one that governs this case.

OPINION BY HENDERSON, J., May 13, 1907:

This case turned in the court below on the question whether the sales of liquors were made in Youngstown, Ohio, or in Butler county. The defendant, representing a firm of liquor dealers in Youngstown, took orders from various persons and forwarded them to his principals, by whom the liquor was sent by express .C. O. D. to the purchasers. The orders were taken down by the defendant in his manifold orders book, but were not signed by the purchasers. The express charges were paid by the vendor. The purchasers did not give any direction as to the manner or place of delivery, but were notified by the defendant to go to the express office to get their liquor. They received their goods there upon payment of the price. The commonwealth alleges that the arrangement and agreement was that the delivery was to be in Butler county, and that, therefore, the sale was consummated in that county. It was contended on the part of the defendant that he was a canvasser, merely, or the firm which he represented, employed on a fixed weekly compensation; that when he transmitted the order to the firm his connection with the business ceased; that he had nothing to do with the delivery of the goods nor with the collection of the amount paid therefor. The right of the Youngstown dealers to ship by railway or by express to customers in Butler county on orders received by them in the course of their business is not open to dispute, whether the orders were sent directly by the customer or were obtained by a solicitor. Such sales are regarded as complete at the dealer's place of business when the goods are set apart for the purchaser and not at the place of destination. And this is so

although the price paid is collected by the carrier when the property is received by the purchaser. Where, however, the vendor undertakes to deliver the goods at a place designated the carrier is his agent and the title does not pass until the delivery there, and the transaction becomes a sale at the point of delivery : McNeal v. Braun, 53 N. J. Law, 617 ; Sneathen v. Grubbs, 88 Pa. 147 ; Braddock Glass Co. v. Irwin, 153 Pa. 440. The judge of the court of quarter session held that the question where the delivery was made was one of fact to be found by the jury. The commonwealth offered evidence from which it might be concluded that the agreement with the purchasers was that the whiskey was to be delivered in Lyndora. They were told that the liquor would be at the express office two days later and that they should take the carbon copies of the orders left with them by the defendant to the express office and get the whiskey. One of the witnesses testified that the defendant said the whiskey would be delivered there. Taken in connection with the fact that the orders given were verbal, for small quantities, without direction by the purchasers as to the mode of shipment or place of delivery, that the cost of carriage was paid by the vendor and the price paid by the buyer at the express office, a jury might conclude on such a showing that it was the understanding between the parties that deliveries were to be made to the purchasers in Butler county and not at Youngstown. If this were the agreement and it was carried out as claimed by the commonwealth the sale took place in Butler county and the defendant is liable under the statute. The evidence was conflicting, but it was for the jury to determine whether the delivery was to be made in Butler county. The charge of the court presented the issue fully, clearly and fairly and we are not persuaded that any error was committed in the instructions given.

The judgment is, therefore, affirmed and the record remitted for the purpose of execution.