## Commonwealth *v.* Hecirrionic, Appellant.

*Liquor law—Selling without license.*

1. Where a person takes orders for liquor from different parties, and then orders liquor from a wholesale dealer in another county, and directs that it shall be sent to a particular address in separate parcels with a name and address on each parcel, and thereafter he pays for the liquor out of his own funds, personally distributes the packages to the different purchasers indicated by the names on the labels, and receives the price from such persons, he may be convicted of selling liquor without a license.

2. In such a case the defendant is neither an agent for the wholesale dealer, nor for the purchasers, and the sale is complete in the county where the packages are delivered.

*Practice, C. P.—Trial—Charge.*

3. If a trial judge makes a statement to the jury alleged to be incorrect, counsel should call the attention of the judge to the mistake at once. He cannot sit silent and take his chances of a verdict, and then if it is adverse, complain of a matter which, if an error, would have been immediately rectified and made harmless.

Argued April 23, 1909. Appeal, No. 169, April T., 1909, by defendant, from judgment of Q. S. Washington Co., Feb. T., 1909, No. 1, on verdict of guilty in case of Commonwealth v. George Hecirrionic. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Indictment for selling liquor without a license. Before Mc-ILVAINE, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty, upon which judgment of sentence was passed.

*Errors assigned* were answer to defendant's point, quoted in the opinion of the Superior Court, and in passing sentence on the verdict.

*Owen C. Underwood,* with him *R. H. Meloy,* for appellant.

*C. L. V. Acheson,* district attorney, with him *T. H. W. Fergus,* assistant district attorney, for appellee.

OPINION BY ORLADY, J., July 14, 1909:

The defendant was charged with selling liquor without a license, and was found guilty as indicted. Under the uncontradicted evidence in the case, any other verdict would have been miscarriage of justice. It clearly appeared that the defendant solicited and received orders for whisky and other liquors at Marianna, a small mining hamlet in Washington county, with the understanding that he was to be paid for the liquor when it was delivered. He gave an order for the liquor to a wholesale dealer in Pittsburg in person, without disclosing the names of the parties for whom the liquor was to be consigned, further than that he directed, that a number of packages should be shipped to one Jakoojevic, a boarding house keeper at Marianna, with a name label on each package, and he then paid for all of the liquor out of his own funds.

When the car arrived at Marianna, he, along with the named consignee, proceeded to the car, and the defendant then opened the package containing the parcels, delivered some of the articles to the different parties, and directed that the remainder be sent to the boarding house, where some of the persons named on the labels temporarily resided. The balance was there distributed by him. Subsequently payment was made to the defendant for all of the liquor. So far as the sale by the defendant was concerned, it was completed in all details at Marianna. None of the parties to whom he delivered the liquor knew from whom he was to purchase it, or where the liquor was to come from. The device of marking the several packages with the names of the persons to whom he intended to deliver them, while the assembled packages were continuously under his control, did not change the real character of the transaction.

The whole question was fairly and fully left to the jury. The trial judge saying, "The first thing that you have to find in this case, in order to convict, is that there was a sale of liquor by this defendant in this county. Did he, under an agreement with anybody, furnish liquor to them for a consideration? Did liquor pass from him to them, and did the pay for the liquor pass from them to him under a contract which had been made between them?"

The defendant's only request for instruction was as follows: "If the jury believe no liquor was delivered by the defendant in this county, and that no liquor was shipped into this county in such a way, or by such an arrangement as to be in the control of the defendant after its arrival within the county their verdict should be not guilty." Which was affirmed, subject to what the trial judge had stated in his charge on the question of delivery and shipment of liquor by a wholesaler, who is doing business in another county. In the body of the charge the trial judge fully and fairly complied with the requirements of our decisions, and in answer to the point submitted the question of fact to the jury in proper form. The point, as submitted, assumed that there was conflicting evidence in regard to the questions involved, whereas every witness who had direct knowledge of the facts, testified unequivocally as to the giving of the order, the delivery of the whisky and payment to the defendant; nor was the court in error in saying that the presumption of the law is that the burden is thrown on the defendant to show that he had a license granted in the manner that is indicated by the act of assembly.

Commonwealth v. Holstine, 132 Pa. 357; Com. v. Wenzel, 24 Pa. Superior Ct. 467; Com. v. Clymer, 30 Pa. Superior Ct. 61, s. c., 217 Pa. 302, fully sustain the doctrine, that there could be no impropriety nor hardship in requiring the defendant to show by what authority he made sales of intoxicating drink, which is prohibited by law, except by being privileged under the acts to make such sales, and it was not incumbent upon the commonwealth in the first instance to prove that the defendant had no license.

Our province is not to look for errors merely in order to reverse, but to look for merits in the cause of reversal; and when we find the court below has done no more than it could rightly do, and when that which is done infringes no right or substantial interest of the prisoner, we ought not to send back for a retrial a cause fully, fairly and justly determined: Brown v. Com., 78 Pa. 122. The alleged misstatement of fact by the trial judge is not material, and could not have had any influence with the jury. To have dealt fairly with that phase of the case,

the attention of the trial judge should have been called to it, and the misstatement, if any, could have been corrected at that time. A party may not sit silent and take his chances of a verdict, and then, if it is adverse, complain of a matter, which, if an error, would have been immediately rectified and made harmless: Com. v. Razmus, 210 Pa. 609; Pennsylvania R. R. Co. v. Donora Southern R. R. Co., 219 Pa. 361.

This defendant was not an agent for the wholesaler, and he acted exclusively for the parties with whom he was identified at Marianna. In such a case the sale is regarded as made where the order is taken and the liquor delivered, and it is immaterial that the packages were labeled by the dealer with the names of the purchasers: Com. v. Guja, 28 Pa. Superior Ct. 58; Com. v. Pollak, 33 Pa. Superior Ct. 600; Com. v. Tynnauer, 33 Pa. Superior Ct. 604.

Nor was the defendant technically the agent for the persons to whom he finally delivered the liquor. All the parties were working together to further a common cause. The whole proceeding was a crude attempt to evade our license law, and as stated in Com. v. Holstein, "The devices to evade this law are so numerous and so adroit, and the consequence of its violation are so serious to the welfare and good order of the community generally, that we think it the duty of the courts to enforce the law rigidly. It is needed that all those who engage in this traffic in violation of law should know that the way of the transgressor is hard."

The assignments of error are overruled and judgment is affirmed.