## Commonwealth *v.* Yanuty, Appellant.

*Liquor laws—Selling without a license—Taking orders.*

A person may be convicted of selling liquors without a license where the evidence shows that he took orders for beer on blank forms furnished by himself, turned these orders in to brewers for whom he did not act as agent, collected money from the purchasers of the beer and remitted it by checks of his brother less a percentage for his own services to the brewers, that in one instance he guaranteed the return of packages to a brewer, and that he discharged a personal debt by delivery of beer. In such a case it is not essential to a conviction that title to the beer should be in the defendant.

Argued Oct. 9, 1911. Appeal, No. 76, April T., 1912, by defendant, from judgment of Q. S. Indiana Co., March Term, 1911, No. 31, on verdict of guilty in case of Commonwealth v. Peter Yanuty. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Indictment for selling liquor without a license. Before TILFORD, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty, upon which the prisoner was sentenced.

*Errors assigned* were various instructions.

*E. Walker Smith,* with him *W. B. Adams,* for appellant.

*W. F. Elkin,* district attorney, with him *Samuel Cunningham,* for appellee.

OPINION BY HENDERSON, J., November 13, 1911:

The appellant engaged in the business of soliciting orders for the purchase of beer in Indiana county. The orders were given on blank forms provided by the defendant which he had obtained from breweries, from which the beer was purchased. He was not the agent of these breweries nor was he licensed to sell liquor. His operations continued during several months in which time his orders amounted to more than 1,600 cases and kegs of beer. The orders were signed in numerous instances by the mark of the person making the purchase and in many instances included beer for several persons. The most of these orders were obtained from persons living twelve or fifteen miles from the defendant's residence. He had carried on a small grocery for a time at Lucerne, but during the time when the principal part of the business of taking orders for beer was conducted he resided on a small farm which he cultivated. The evidence offered by the commonwealth shows that the money obtained from the purchasers of the beer was not forwarded directly to the breweries but was given to a brother of the defendant who gave his check to the latter to be sent in with the order in most instances. It was also shown that in the case of purchases from the South Fork Brewing Company the defendant guaranteed the return of the empty packages and deposited twenty cents for each keg, as the company refused to make shipments without such guarantee. There was evidence also that the defendant was indebted to one Augusto Toconi from whom he had borrowed $50.00 and that part of this obligation was discharged by the delivery to him of Cresson Springs beer ordered by the defendant. Much evidence was introduced by the commonwealth to show the method adopted by the defendant in the prosecution of this business. The beer cost the purchasers ninety-five cents a case or keg. The defendant paid to the breweries seventy-five cents for each case or keg and retained twenty cents which he alleged was compensation for his work. The same rate was charged

whether the order was for a large quantity or a small one. Out of each ninety-five cents paid by the consumers for the beer the defendant retained twenty cents. The court submitted to the jury the question whether the defendant was acting merely for the accommodation of the persons who obtained the beer or whether his plan was adopted for the purpose of evading the law and to bring about the sale of beer in Indiana county, and instructed them that if the latter was the case he might be convicted of the offense charged in the indictment. An examination of the evidence satisfies us that this was a proper submission of the case to the jury. The evidence leads strongly to the conclusion that the means employed was a designed attempt to engage in the sale of liquor without lawful authority so to do, and the trial judge would not have been justified in the light of this evidence in declaring that a conviction could not be had. The charge submitted the case to the jury in clear and impartial instructions and we find nothing therein which is the subject of reversible error. The complaint that the fifth, sixth, seventh and eighth points presented by the defendant were declined cannot be sustained. The fifth and sixth were not relevant under the evidence for the case did not turn on the question whether as between the brewing companies and the consignees the title to the beer passed when it was delivered by the brewing companies to the railroad for transportation. The commonwealth's contention was that the transaction between the defendant and the customers was in fact a sale of beer and that the orders were given as a cover to protect the defendant. The seventh assumes that if the defendant did not undertake to deliver the beer he could not be convicted. But this leaves out of account the motive and method involved which were clearly subjects of consideration for the jury. The eighth point affirms that if the defendant did not have title to the beer there could be no sale or transfer of title by him and that therefore the verdict should be "Not guilty." It is not essential to a conviction in a case of this character that title to the liquor

should be in the defendant. Convictions have been had in many instances where the defendant was not the owner of the liquor sold: Com. v. Holstine, 132 Pa. 357, is a case of that character. The case was well tried by the learned judge of the quarter sessions.

The judgment is affirmed and it is ordered that the defendant submit himself to the custody of the sheriff of Indiana county to the end that as much of the sentence of of the court of quarter sessions as had not been undergone at the time when the appeal in this case was made a supersedeas shall be completed.