# Commonwealth *v.* Martin, Appellant.

*Selling liquor without a license—Peddling beer—Principal and agent.*

1. A person may be convicted of selling liquor without a license, although he testifies that he was merely the agent of a foreign brewing company to solicit orders, and that he had nothing to do with receiving the beer, or delivering it to customers, if witnesses for the commonwealth testify that the defendant personally delivered beer to them from a wagon at their houses, and received pay from them for it.

*Practice, C. P.—Trial—Charge—Misstatements in charge.*

2. Where the material questions of a case have been fairly and intelligently and on the whole correctly presented to the jury, error will not lie because of slight or immaterial inaccuracy or statement of evidence.

3. If counsel feels that there is any misstatement of the evidence by the judge, it is his duty to call the attention of the court to the same at the time, so that it may be corrected.

4. A vague or insufficient answer to a point is not a ground for reversal where it is obvious from the charge that the jury was not misled by the answer.

Argued March 11, 1912.    Appeal, No. 29, March T., 1912, by defendant, from judgment of Q. S. Mifflin Co., Jan. T., 1910, No. 3, on verdict of guilty in case of Commonwealth v. J. A. Martin.    Before RICE, P. J., HENDERSON, MORRISON, ORLADY and HEAD, JJ.    Affirmed.

Indictment for selling liquor without a license.    Before WOODS, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty, upon which the defendant was sentenced to pay a fine of $500, and undergo imprisonment in the county jail for six months.

*Errors assigned* were (1–18) various instructions of which the material ones are stated in the opinion of the Superior Court.

*W. J.* and *F. A. Culbertson*, for appellant, cited: Com. v. Byers, 45 Pa. Superior Ct. 37; Pauli v. Com., 89 Pa. 432;

Com. v. Stovas, 45 Pa. Superior Ct. 43; Com. v. Silcox, 161 Pa. 484; Goersen v. Com., 99 Pa. 388; Com. v. Buccieri, 153 Pa. 535; Com. v. Gerade, 145 Pa. 289.

*William W. Uttley,* with him *Howard W. Aikens,* district attorney, and *A. Reed Hayes,* for appellee.—The evidence showed a clear and definite sale of liquors in Mifflin county without a license and the court below would have committed grave error to have sustained the motion of counsel and discharged the prisoner because of the alleged insufficiency of the evidence: Com. v. Holstine, 132 Pa. 357; Com. v. Guja, 28 Pa. Superior Ct. 58; Com. v. Pollak, 33 Pa. Superior Ct. 600; Com. v. Tynnauer, 33 Pa. Superior Ct. 604; Com. v. Guinzburg, 46 Pa. Superior Ct. 488; Com. v. Martin, 47 Pa. Superior Ct. 346; Com. v. Yanuty, 48 Pa. Superior Ct. 277; Com. v. Hecirrionic, 39 Pa. Superior Ct. 510; Com. v. Rossi, 47 Pa. Superior Ct. 297; Alexander v. Com., 105 Pa. 1; Shovlin v. Com., 106 Pa. 369; Com. v. Mika, 171 Pa. 273; Com. v. Zappe, 153 Pa. 498.

OPINION BY MORRISON, J., April 15, 1912:

The defendant was indicted and convicted for making a sale or sales of intoxicating liquors within the county of Mifflin without the requisite license authorizing him to engage in that business. The case has been tried three times. The first trial resulted in a verdict of guilty but the court set the verdict aside and granted a new trial; the second resulted in a verdict of guilty and the court entered judgment thereon and the defendant appealed to this court and we reversed the judgment with a new venire on account of improper remarks made by the commonwealth's counsel in arguing the case to the jury: Com. v. Martin, 47 Pa. Superior Ct. 346.

The defendant alleged in the present trial, as he did in the one in which we reversed the judgment, as follows: "The defendant lived in Mifflin county and undertook to prove, by way of defense to the charge, that he was

merely a soliciting agent of the Hagerstown Brewing Company, a corporation having its plant in the state of Maryland. He alleged that he was employed simply to solicit orders, forward them to the brewery and collect the money therefor, for all of which services he was paid regularly by his employer. He asserted that when the beer arrived by rail at Lewistown it was not consigned to him nor in his care, and that he had nothing to do with the possession, control or delivery of it after it arrived in the county." He alleged that the beer was delivered by one Wike, employed by the brewing company, and that he, defendant, had nothing whatever to do with its delivery and that he never made any deliveries. Right here is the pinch of the case and, in our opinion, the testimony of Samuel Eby, James Swisher, Mrs. P. Sherman and Mrs. John Crawford was sufficient to justify the jury in drawing the inference that the defendant not only solicited orders for beer in Mifflin county and collected the money therefor, but that he delivered, or caused the beer to be delivered, to several purchasers in that county. The testimony of Mrs. John Crawford is clear and pointed that she purchased beer from the defendant and that he and the wagon came together to the front of the house; that the beer was taken off of the wagon and delivered and brought into the house and that she took the money to where Mr. Martin was standing at the fence and paid him $1.25 for it. If the jury believed the testimony of these witnesses they could reasonably find that the defendant sold and delivered beer in the county of Mifflin.

We find in the record eighteen assignments of error and the entire charge is twice assigned for error and in addition several excerpts from it are specifically assigned. We have read and considered the charge with care and we are not convinced that it contains reversible error, nor are we convinced that the judgment should be reversed because, as urged by defendant's counsel, of the inadequate presentation of the defendant's theory of the case to the jury. In the charge the learned court instructed the jury

as follows: "If a brewery company sells its product in the ordinary way other personal property is sold and is shipped directly to the party purchasing,. then the law has not been violated. If there is an agreement to deliver at the house or place of business, and the beer is then and there turned over to the purchaser, then the sale would be executed there and the defendant would be guilty.

"If the jury believe no beer was delivered by the defendant in this county and that no beer was shipped into this county in such a way or by such arrangement as to be in the control of the defendant, after its arrival within the county, their verdict should be not guilty.

"If the defendant had any control and exercised any control over the beer after its arrival here in the delivery of it and received money for it, it would be a sale within this county and he would be guilty."

Now in our opinion this instruction comes well within the rule we recognized in Com. v. Guinzburg, 46 Pa. Superior Ct. 488; Com. v. Tynnauer, 33 Pa. Superior Ct. 604. See also Com. v. Holstine, 132 Pa. 357.

Considerable complaint is made in regard to the answers to several of the defendant's points which the counsel contend should have been unqualifiedly affirmed. Eight of these points were answered "Affirmed if you believe there was no contract to deliver its products." Or "Affirmed if you believe there was no contract to deliver the beer." At first blush it seems as if the court was rather unfortunate in the use of this language. But considering the whole charge it is apparent that what the court meant and what the jury must have understood was that the points were affirmed if the jury found that the defendant on trial had not made a contract to deliver the beer in such a way that the sale would not take place till it was delivered at the houses or places of business of the purchasers in Mifflin county. From the way the case was presented in the general charge we feel confident that the jury was not misled by the form of the answers to said points. We think they must have understood from the

charge that the defendant could not be convicted unless he sold and delivered beer within the county of Mifflin.

The eighth assignment is that the general tenor of the charge of the court was unfair to the defendant and did not adequately present his case on the testimony, then quoting the charge in full.  It is well settled now that where the material questions of the case have been fairly and intelligently and on the whole correctly presented to the jury, error will not lie because of slight or immaterial inaccuracies or statements of evidence: Com. v. McManus, 143 Pa. 64.  If counsel for the defendant felt that there was any misstatement of the evidence it was his duty to have called the attention of the court to the same so that it might have been corrected: Com. v. Hecirrionic, 39 Pa. Superior Ct. 510; Com. v. Razmus, 210 Pa. 609; Penna. R. R. Co. v. Donora Southern R. R. Co., 219 Pa. 361.  As we do not find in the record that the defendants' counsel called the attention of the court to any mistake or inadequacy in the charge, we do not think the assignments of error on that ground call for a reversal.

We do not think it would be profitable or of any benefit to the parties or to the profession for us to discuss the numerous assignments of error separately.  All of the judges who sat at the argument of the case reached the conclusion that the defendant was fairly tried and that there was sufficient evidence from which the jury could find that he sold lager beer and delivered it and received the pay for it within the county of Mifflin, and the jury having found this against him, under the charge of the court, beyond a reasonable doubt, we see no sufficient ground for reversing the judgment.

The assignments of error are all dismissed and the judgment is affirmed, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with that part of the sentence which had not been performed at the time this appeal was made a supersedeas.