# Finkelstein *v.* Spatt, Appellant.

*Arbitration—Finding of referee—Conclusiveness of finding—Local Act of April 6, 1869, P. L. 725.*

1. The findings of fact of a referee appointed under the Local Act of April 6, 1869, P. L. 725, supported by evidence, and approved by the court of common pleas, has, on appeal (which operates only as a writ of error) the conclusiveness of a special verdict of the jury; and particularly is this true when they depend upon oral testimony.

*Evidence—Pleading—Variance—Allegata and probata—Trial on permits.*

2. A variance between the allegata and the proof cannot be alleged as a ground for reversal after a trial upon the merits, where it appears that the proof was admitted without objection, that no surprise was alleged, and no continuance requested; and it does not appear distinctly that an objection was raised during the trial by any specific request or point mentioning variance as a ground for defeating the action.

Argued March 6, 1912.    Appeal, No. 1,163, March T., 1912, by defendant, from order of C. P. Lackawanna Co., March T., 1908, No. 1,163, dismissing exceptions to report of referee in case of M. Finkelstein & Sons v. Harry Spatt. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Exceptions to report of C. B. Gardner, Esq., referee. Before O'NEILL, J.

The opinion of the Superior Court states the case.

*Error assigned* was in dismissing exceptions to report of referee.

*C. B. Little,* with him *Harry Needle,* for appellant.

*James J. O'Malley,* for appellees.

OPINION BY RICE, P. J., July 18, 1912:

This action was assumpsit to recover the price of clothing for which the defendant, a retail merchant doing

business in Olyphant, Pennsylvania, gave the plaintiffs, manufacturing dealers in New York city, an order, and which the defendant refused to accept from the railroad company on their arrival at Olyphant, but did not return to plaintiffs. The principal defense set up on the trial before the referee, who was appointed under the local Act of April 6, 1869, P. L. 725, and its supplements (4 Stew. P. D. 4069, note e.), was that the package was wrongly marked by plaintiffs in consequence of which it was miscarried to "Oliphant Furnace, Pa.," from which point it was reshipped to Olyphant but, arriving too late for the defendant's fall trade, for which the goods were ordered. This defense involved questions of fact, and was negatived by the referee in his findings of fact, at least so far as the allegations that the box was mismarked and that it was carried to Oliphant Furnace are concerned. He also found affirmatively that the box containing the goods was properly marked and shipped, by way of the Pennsylvania Railroad Company, to the defendant at Olyphant, Pa., on August 30, 1907, which was within a reasonable time after they were ordered; that they were delayed in transportation so that they did not reach Olyphant until October 8, 1907; that while in transit the box was broken open and three or four pairs of pantaloons were slightly damaged; that the plaintiffs were not responsible for the delay in delivery at Olyphant, and would not have been even if the destination marked on the box had been spelled Oliphant, as claimed by the defendant, instead of Olyphant, as claimed by the plaintiffs. The local reference act of 1869 and its supplements were reviewed and construed, and the jurisdiction of the appellate court thereunder was defined, in Thornton v. Enterprise Ins. Co., 71 Pa. 234. According to this and later decisions under these acts and the general reference act of May 14, 1874, P. L. 166, a referee's findings of fact, which are supported by evidence and which have been approved by the common pleas, have, on appeal (which operates only as a writ of error), the conclusiveness of the

special verdict of a jury; and particularly is this true when they depend on oral testimony. To successfully challenge them, it is not enough to point to evidence that would support a different finding. "It must be shown that there is no evidence sufficient to sustain the referee's findings; and this especially so after they have been considered and approved by the court below:" Phila. Company v. United Gas Improvement Co., 180 Pa. 235. Here, the referee's findings are supported by evidence and fully warrant the legal conclusion at which he arrived, unless, as defendant claims, the plaintiffs were bound to prove delivery not merely at Olyphant, but at his place of business in Olyphant. This claim is not supported by any evidence, not even that of the defendant, who testified: "I bought them in the spring, he came around for an order to be shipped about August 15. . . . I told him to ship them as soon as they could, because I told him I can't sell them in winter. He said he would ship them as soon as he could." Being asked whether he gave the agent a written order, he testified: "No. Never give anybody. He came to me and told me he has good pants and I tell him if he ship them in time and if the goods come up to the sample and if not I would send them back." And the plaintiffs' witness, in answer to the ninth cross interrogatory, testified: "The goods were to be shipped when ready or as soon as ready, about August 30, 1907, to be shipped to Olyphant, Pa. We received no instructions as to over what line said goods were to be shipped." No further recital of evidence is necessary; enough has been alluded to to show that the contract did not contemplate a delivery to the defendant at his place of business, but only that the plaintiffs would ship (send) the goods by a suitable common carrier, in good order, properly packed, and correctly addressed to the defendant at Olyphant, within a reasonable time after the order was given. It is not a case where the vendor undertakes to transport the goods to a distant place and to personally make delivery there to the purchaser. The distinction

between such a case and the one under consideration is pointed out in Braddock Glass Co. v. Irwin, 153 Pa. 440, and Dannemiller v. Kirkpatrick, 201 Pa. 218, the two authorities relied on by defendant's counsel, and in Benjamin on Sales, sec. 140 (4th Am. from 3d Eng. ed., 1883). It results from what we have said, that, if the plaintiff could not recover, it was not because the evidence was not sufficient to warrant recovery, but because there was a variance between the contract declared upon and that shown by the evidence. This is not a good ground for reversal under the circumstances. The evidence was admitted without objection, no surprise was alleged and no continuance requested; nor does it appear distinctly that the objection was raised during the trial by any specific request or point mentioning variance as a ground for defeating the action. Under these circumstances, the case having been tried on its merits, the objection comes too late: Kroegher v. McConway, etc., Co., 149 Pa. 444; Kirchner v. Smith, 207 Pa. 431; Elder Twp. School Dist. v. Penna. R. R. Co., 26 Pa. Superior Ct. 112.

We have sufficiently indicated the questions upon which the case turns and our conclusions thereon, and, therefore, the assignments of error need not be recited or discussed in detail.

The judgment is affirmed.