## Commonwealth v. McGowan.

*J. Stroud Weber*, for Commonwealth; *Robert T. Potts*, for defendant.

KNIGHT, J., Dec. 10, 1928.—The defendant stands charged with two offenses against the criminal law. In one bill he is indicted for adultery, in the other with statutory rape, a felony. On the first bill he pleaded guilty; on the second *nolo contendere*. The question before us is whether we can accept this latter plea. Under the common law rule a plea of *nolo contendere* could only

be accepted in cases of misdemeanor where the punishment was by fine alone: 16 Corpus Juris, § 739, page 405. In Pennsylvania, however, the rule has been extended and the plea has been accepted in offenses punishable with fine and imprisonment: Com. v. Holstine, 132 Pa. 357; Com. v. Ferguson, 44 Pa. Superior Ct. 626.

It will be noted, however, that in both of these cases the indictments charged misdemeanors, and with one exception we have been unable to find any case in which the plea of *nolo contendere* was accepted in a case where a felony was charged.

The exception noted above is mentioned in the case of Buck v. Com., 107 Pa. 486. In this case, Buck was indicted as accessory in the crime of robbery and the report recites that the principals to the robbery entered a plea of *nolo contendere*. The propriety of the plea was not before the court, and we cite the case solely because it is the only one we have been able to find in which a reference is made to a plea of *nolo contendere* to a felony charge.

In Com. v. Shrope, 264 Pa. 246, the defendant was indicted for murder and pleaded *nolo contendere*, which plea the court accepted and treated as a conviction by confession under the Act of March 31, 1860, P. L. 382, and proceeded to determine the degree of guilt of the defendant. The Supreme Court reversed, holding that the plea of *nolo contendere* is never allowable in capital cases. Mr. Justice Stewart, who wrote the opinion, discussed at some length the plea of *nolo contendere*, and while he was careful to state that the court were then deciding nothing with respect to its use, except that it is not a plea allowable in a capital case, still he casts considerable doubt as to its propriety in any case of felony. The Justice quotes from the case of Tucker v. United States, 41 L. R. A. (N. S.) 70 [196 Fed. Repr. 260], as follows:

"The allowance of the 'implied confession' as a *nolo contendere* plea, thus defined to be the defendant's yielding to mercy in the punishment, 'and desiring to submit to a small fine,' necessarily implies, as we believe, that the case for such allowance must be within the class of misdemeanors for which punishment may be imposed by fine alone, although the offense may as well be punished by imprisonment, at the discretion of the court, either as an alternative of fine or in addition thereto or to enforce payment of the fine. That such desire (or request, express or implied) on the part of the accused 'to submit to a small fine' can neither serve to limit the fine to the minimum prescribed for the offense, nor constitute the measure of fine which may be imposed within the exercise of judicial discretion—that 'a small fine' is thus mentioned in the rule as a relative term, intending substantially less than the maximum—we have no doubt. This provision, however, for such purpose in the submission, as the object sought by the defendant in electing to submit without contest, requires construction of the rule accordingly, as limited to cases consistent with the purpose thus declared. So defined, the rule affords no ground for entertaining the plea, either in cases of felony, requiring infamous punishment to be imposed on conviction, or in cases of misdemeanor, for which the punishment must be imprisonment for any term, with or without a fine. Constrained to this interpretation of the narrow purpose and use of the plea at common law, by the express provisions of the rule thus handed down, we believe extension of the allowance to include even misdemeanors for which imprisonment must be imposed is unauthorized—however desirable it may seem—without statutory provision therefor."

Later in his opinion, Justice Stewart says: "Certainly there can be no reason for extending its applicability to the higher crimes, and it may well be doubted at this day, in view of the significance given it by our own adjudica-

tions, when used within narrow limits, whether, even as to these, it has longer any proper purpose to serve; for if as to these it be the equivalent of a plea of guilty, as said in several of our cases where misdemeanors were charged, the distinction between the two is a distinction without a difference and not worth preserving."

This court has held in the case of Com. v. Albert Mang, Joseph McKeever and Matthew Gregory, No. 13, June Term, 1927, that a plea of *nolo contendere* is not allowable to an indictment for a felony.

In the absence of any appellate court authority to the contrary, we see no reason for changing the views we held in the above case.

And now, Dec. 10, 1928, the court refuses to accept the plea of *nolo contendere* to the charge of statutory rape and directs that the defendant enter a plea of guilty or not guilty to the indictment charging him with that offense.

From Aaron S. Swartz, Jr., Norristown, Pa.