## Buck *versus* Commonwealth.

1. Since the Crimes Act of 1860, one indicted as an accessory jointly with the principal may be tried before the conviction of the principal, but it is requisite, on the trial of the accessory, for the Commonwealth to prove the guilt of the principal.

2. Upon such trial of the accessory, any evidence competent to show the guilt of the principal is admissible for that purpose, not for the purpose of showing the connection of the accessory with the offence.

3. The plea of nolo contendere by the principal (no judgment or sentence having been imposed) is inadmissible, on the trial of the accessory, either to affect the accessory or to establish the guilt of the principal.   Such plea is but the equivalent of a confession by the principal, which is inadmissible to affect an accessory, and which may be withdrawn at any time before sentence.

4. It is not proper practice to ask a witness upon cross-examination whether he had been indicted and convicted of an offence, even for the purpose of affecting his credibility.   The record is the only proper evidence.

5. The court, on the trial of a criminal case, may, in its discretion, control the cross-examination of witnesses by requiring the proposed questions to be reduced to writing and submitted to the court, before being propounded to the witness.

6. The fact that a juror, empanelled on the trial of an accessory, had served as a juror on the trial of a previous indictment against the same defendants who were indicted jointly with him as principals, but involving a different state of facts, is not a ground for challenge for cause.

October 31st, 1884.  Before Mercur, C. J., Gordon, Paxson, Trunkey, Sterrett and Clark, JJ.  Green, J., absent.

Certiorari to the Court of Oyer and Terminer of *Allegheny county:* Of October and November Term, 1884, No. 24.

This was an indictment against John G. Gordon, Robert M. Geary, and Dr. James P. Buck, charging the defendants with

highway robbery of one F. Alpert, on the night of July 16th, 1883 ; and also charging Dr. James P. Buck as accessory both before and after the fact. Pleas, *nolo contendere* by Gordon and Geary; *non cul. et de hoc,* etc., by Dr. Buck.

The trial, before WHITE, J.. proceeded against Dr. Buck alone, on his plea of not guilty. William F. Barton was called as a juror, and was challenged by the defence for cause, viz. : " The said juror having been a juror in the case of the Commonwealth *v.* Gordon, Geary, and Crugan, at No. 5, September Sessions; 1883, the same defendants being jointly indicted with Dr. James Buck in the indictment now on trial." Challenge not sustained. Exception. (First assignment of error.)

The Commonwealth offered in evidence the plea of *nolo contendere* entered in the case by Gordon and Geary. Objected to as incompetent and irrelevant to affect the defendant, Dr. Buck. Objection overruled. Exception. (Second assignment of error.)

Counsel for the Commonwealth made the following offer, viz. : " The Commonwealth proposes to prove by D. H. Gilkinson, the witness, that when he searched Gordon and Geary, co-defendants of James P. Buck, the defendant on trial, he found upon them sand-bags and revolvers, for the purpose of corroborating the testimony of the prosecutor, F. Alpert." Objected to as incompetent and irrelevant to affect Dr. Buck, as too remote, and because the offer does not propose to show that the defendant had any knowledge of the possession of such articles by Gordon and Geary. Objection overruled. Exception. (Third assignment of error.)

Defendant's counsel made the following offer, viz.: " Defendant proposes to ask the witness, Alpert, on the stand (the prosecutor), whether he has not been indicted and tried in this court for embezzlement, and this with a view to affect his credibility." Objected to as incompetent and irrelevant; and not the best evidence. Objection sustained. Exception. (Fourth assignment of error.)

Also, " Defendant proposes to ask the witness, Alpert, on the stand, questions affecting his credibility, and the court, on demand of the Commonwealth, requires defendant to put in writing his questions, to which order defendant excepts and asks a bill." Bill sealed. (Fifth assignment of error.)

The jury returned a verdict of guilty as accessory before and after the fact. Defendant moved for a new trial and in arrest of judgment. A commissioner was appointed to take testimony in support of the motion, his report was filed, and the court, after argument, overruled the motions and sen-

tenced the defendant, Dr. James P. Buck. He thereupon took this writ of error, alleging for error the foregoing assignments.

*Thomas M. Marshall* and *W. D. Moore*, for plaintiff in error.—The offer of the plea of Gordon and Geary could have no other effect than to damage Dr. Buck. It did not tend to prove his confederacy with them. Prior to the change in criminal practice, which allows an accessory to be tried before the conviction of the principal, there was a reason for offering the record of the conviction of the principal. But even then conviction must have been followed by judgment on the verdict: 2 Bishop's Crim. Procedure, sec. 13; 1 Hale P. C., side page 625. Here the plea was only *nolo contendere* and no judgment. The current of respectable authority is against the reception of this evidence: 2 Bishop's Crim. Procedure, sec. 13; Rex *v.* Turner, 1 Moody C. C. 347; Roscoe's Criminal Evidence, side pp. 51 and 52; 1 Greenleaf's Evidence, sec. 233, notes 5 and 6.

The third assignment is sustained by the case of Watson *v.* Com., 14 Norris 424.

*John S. Robb* (*Wm. Reardon* and *W. D. Porter*, District Attorney, with him), for defendant in error.—The fourth and fifth assignments relate to the same matter. After the Commonwealth closed, the witness Alpert was called two or three times for cross-examination. Alpert was again re-called, as defendant said, for cross-examination, and the Commonwealth objected to this manner of proceeding and requested defendant to put his offer in writing. The matter was clearly within the discretion of the court. The offer to prove the finding of sand-bags upon Gordon and Geary was not offered to prove the guilt of Buck, but only as tending to show the guilt of the principals. Since the Act of March 31st, 1860, it is not necessary to show the conviction of the principal felon, yet it is indispensable to aver and prove his guilt on the trial of an accessory; and for this purpose alone was the plea of Gordon and Geary offered. The legal effect of *nolo contendere* is the same as the plea of guilty. A case similar to this is United States *v.* Hartwell, 3 Clifford U. S. C. C. Rep. 232. See also, State *v.* Duncan, 6 Iredell 236; State *v.* Ricker, 29 Maine 84; State *v.* Rand, 33 N. H. 216; Com. *v.* Crowninshield, 10 Pick. 497; People *v.* Buckland, 13 Wend. 592; Holmes *v.* Com., 1 Casey 221.

Mr. Justice Paxson delivered the opinion of the court, January 5th, 1885.

[Buck v. Commonwealth.]

The fact that the juror, William F. Barton, had served as a juror in the case of the Commonwealth v. Gordon et al., No. 5, of September Sessions, 1883, was not a sufficient ground of challenge for cause. It was a different case, and involved an entirely different state of facts. The only way the defendant below could get rid of the juror was to challenge him peremptorily.

The second assignment raises a more important question. It alleges that the court below erred in admitting in evidence against the defendant the plea of *nolo contendere* which had been entered by Gordon and Geary. The latter were charged in the same indictment as principals in the robbery; the defendant Buck being charged as accessory before and after the fact. Gordon and Geary, the principals, had, as before stated, pleaded *nolo contendere*, but had not been sentenced; and the trial proceeded as to Buck as accessory, upon the plea of not guilty. The Commonwealth then offered the plea of *nolo contendere* in evidence as proof of the guilt of the principals. It was objected to as incompetent and irrelevant to affect the defendant Buck, now on trial. It was clearly incompetent to show the participation of Buck in the offence. Was it competent to show the guilt of the principals; to prove that the robbery had been committed to which it was charged Buck was accessory?

The plea of *nolo contendere* is a mild form of pleading guilty. It is seldom used in this state, though in general practice in some of the New England states. " It has the same effect as a plea of guilty so far as concerns the proceedings upon the indictment, and a defendant who is sentenced upon such a plea to pay a fine is convicted of the offence for which he was indicted:" Wharton's American Criminal Law, § 533. The advantage, however, which may attend this plea is, that when accompanied by a protestation of the defendant's innocence it will not conclude him in a civil action from contesting the facts charged in the indictment: Com. v. Horton, 9 Pick. 206. And in Massachusetts, under statute of 1855, c. 215, § 35, a defendant in a prosecution under that statute cannot be adjudged guilty on a plea of *nolo contendere* unless it appears by the record that the plea was received with the consent of the prosecutor: Com. v. Adams, 6 Gray 359.

Since the Act of 1860 it is no longer necessary to convict the principals before the accessory can be tried, yet it is still requisite in some way to prove that the principals are guilty before the accessory can be convicted. No man can be accessory to a crime which has never been committed. The authorities show that the guilt of the principal felon may be proved by the record of his conviction, or by evidence

*aliunde* : 2 Starkie on Evidence 9. Yet even the record of the conviction is only prima facie evidence. As to the accessory it is *res inter alios acta :* Foster, 365 ; Smith's Case, 1 Leach 323 ; Prosser's Case, mentioned in note to Smith's Case, 1 Id. 324 ; Rex *v.* Blick, 4 C. & P. 378 ; Rex *v.* McDaniel, 19 State Trials 806 ; Arch. Crim. Pleading and Practice. In Cook *v.* Field, 3 Esp. R. 134, it was said by BEARCROFT, J., and assented to by Lord KENYON, that where the principal has been convicted, it is nevertheless on the trial of the accessory competent to the defendant to prove the principal innocent. And where two persons had been indicted together, one for stealing and the other for receiving, and the principal pleaded guilty, WOOD, B., refused to allow the plea of guilty to establish the fact of the stealing by the principal against the receiver : 10 S. & M. 192. See also State *v.* Duncan, 6 Iredell, 98 ; State *v.* Newport, 4 Harrington 567.

That a confession by the principal is not admissible upon the trial of the accessory to prove the guilt of the principal, is settled law. What more is the plea of *nolo contendere* than a confession ? Had judgment been entered upon the plea the record would have been competent evidence of the conviction. But there was no judgment; only a plea which was at best but a qualified admission of guilt, and which might have been withdrawn the next day. We are of opinion that the plea was improperly received.

As the case must go back for re-trial it is necessary to rule the remaining questions.

Complaint is made in the third assignment that the court below admitted testimony to show that sand-bags and revolvers were found upon Gordon and Geary when they were arrested.

The record does not show when or where the arrest occurred, nor have we any of the surrounding circumstances. As a general rule, when a man is arrested charged with the commission of a crime, it is competent to show upon his trial what articles, if any, were found upon his person at the time of such arrest. I do not understand this general proposition to be disputed, but it was urged that however true this may be as to Gordon and Geary, the evidence was not competent as against the defendant. We are unable to see the distinction. It was a part of the Commonwealth's case—a necessity of the situation—to prove the guilt of the principals before the accessory could be convicted. This has been already sufficiently discussed. The testimony in regard to the sand-bags and revolvers comes directly within the same principle. If admissible against Gordon and Geary had they been on trial, it was also competent against the defendant, not indeed to

show his connection with the offence, but to show the guilt of the principals. In this way it indirectly affected the defendant, as it tended to forge one of the links of the chain of evidence necessary to his conviction.

As stated in the assignment of error, this testimony was offered "for the purpose of corroborating the testimony of the prosecutor, F. Alpert." We have not Alpert's testimony before us, nor the answer of the witness Gilkinson, and therefore cannot say whether it amounted to corroboration, but as the evidence was clearly competent for the reason and for the purpose before stated, we cannot sustain this assignment.

The fourth and fifth assignments may be considered together. They involve a mode of practice which is not to be commended. This is what occurred : "Defendant proposes to ask the witness, Alpert, on the stand, whether he had not been indicted and tried in this court for embezzlement, and this with a view to affect his credibility." This offer was ruled out and a bill sealed for defendant. Defendant then proposed "to ask the witness, Alpert, on the stand, questions affecting his (the witness's) credibility, and the court, on demand of the Commonwealth, requires defendant to put in writing his questions—to which order and qualified refusal to admit the offered evidence defendant excepts, and here assigns it as error."

The question asked the witness was an improper one. It was the right of the District Attorney to object and ask the court to rule it out. It was an attempt to prove an alleged fact by incompetent evidence. The proper mode of proving a conviction for embezzlement, or any other crime, is the production of the record. It is the highest and best evidence.

Nor do we see any error in the action of the learned judge in requiring the questions intended to affect the credibility of the witness to be reduced to writing. The object of this was manifestly to keep improper questions from the jury. A witness may sometimes be badly damaged with the jury, as well as have his feelings outraged, by asking him improper questions when on the stand. Where this line of cross-examination occurs it is always proper for the judge to require the questions to be put in writing and handed up to him. Witnesses have rights which should be respected even in the Quarter Sessions and Oyer and Terminer.

The judgment is reversed, and it is now ordered that the record be remanded to the Court of Oyer and Terminer of Allegheny County, together with this opinion containing the cause of such reversal, for further proceedings according to law.