## Commonwealth *v.* Ferguson, Appellant.

*Criminal law—Pleading—Sentence—Nolo contendere.*

1. A plea of nolo contendere, when accepted by the court, is, in its effect upon the case, equivalent to a plea of guilty. It is an implied confession of guilt only, and cannot be used against the defendant as an admission in any civil suit for the same act. The judgment of conviction follows upon such plea as well as upon a plea of guilty. But there is a difference between the two pleas in that the defendant cannot plead nolo contendere without the leave of the court. If such plea is tendered, the court may accept or decline it in its discretion.

2. The court may impose a sentence of imprisonment under a plea of nolo contendere.

3. Where the record of a criminal proceeding shows a plea of nolo contendere indorsed on the indictment and signed by the defendant and the docket entries show that on the day that the plea was entered the defendant appeared in open court and pleaded nolo contendere, and at a later date was sentenced, the action of the court in sentencing the defendant clearly imports an acceptance of the plea.

4. On the trial of an indictment in the quarter sessions for conspiracy, an arraignment is not necessary; nor is it necessary that the record should show that the defendant was interrogated before sentence.

Argued Nov. 14, 1910. Appeal, by Hugh Ferguson, from judgment of Q. S. Allegheny Co., March T., 1910, No. 430, on a plea of nolo contendere in case of Commonwealth v. Hugh Ferguson et al. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Indictment for conspiracy. Before FRAZER, P. J.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were as follows:

1. Error was committed in the court below by the imposition of a sentence of imprisonment on the appellant's plea of nolo contendere, because a plea of nolo contendere

does not justify a sentence of imprisonment but only a fine.

2. Error was committed in the court below because the appellant's plea of nolo contendere was not pleadable in the crimes of conspiracy for which the appellant stood indicted as the said plea of nolo contendere is pleadable only in light misdemeanors not involving imprisonment.

3. Error was committed in the court below in that the appellant's plea of nolo contendere was not entered by leave of court and the record does not show any such leave of court.

4. Error was committed in the court below in that it does not appear that the appellant's plea of nolo contendere was accepted by the court.

5. Error was committed in the court below in that it does not appear that the appellant's plea of nolo contendere was pleaded in open court.

6. Error was committed in the court below in that the appellant was neither in fact nor is alleged in the record to have been interrogated before sentence as to whether or not he had anything to say why sentence should not be imposed upon him which right of interrogation was substantial, because thereby the appellant was deprived of his legal right to show to the court circumstances, if not of innocence, at least of mitigation of the crimes alleged.

7. Error was committed in the court below in that the appellant was neither in fact nor is alleged in the record to have been interrogated before sentence as to whether or not he had anything to say why sentence should not be imposed upon him, which right of interrogation was substantial, because thereby the appellant was deprived of his legal opportunity, as he was able so to do, to show that the said plea was pleaded by him under an express promise of immunity made publicly in open court by the district attorney of Allegheny county and concurred in by the court below and made the subject of public and published comment, on the faith which the appellant entered the said plea of nolo contendere, which was thus

628 COMMONWEALTH *v.* FERGUSON, Appellant.

Assignment of Errors—Opinion of the Court.   [44 Pa. Superior Ct.

in fact and in law not voluntary and, therefore, could not be the legal basis for judgment or sentence.

7. Error was committed in the court below in that it does not appear that the appellant was present at the imposition of sentence, which right of presence is necessary to be shown in the record in any case involving corporal punishment.

9. Error was committed in the court below in that the proceedings in the said court below violated the constitutional rights of the appellant under sec. 9 of art. I of the constitution of the commonwealth of Pennsylvania by depriving the appellant of his liberty and property without the judgment of his peers or the law of the land.

10. Error was committed in the court below in that the proceedings in the said court below violated the constitutional rights of the appellant under the fourteenth amendment of the constitution of the United States by depriving the appellant of his liberty and property without due proceess of law.

*Thomas James Meagher*, with him *Francis M. McAdams*, for appellant, cited: Reg. v. Templeman, 1 Salk. 55; Buck v. Com., 107 Pa. 486; Com. v. Holstine, 132 Pa. 357; Consolidated Ice Mfg. Co. v. Medford, 18 Pa. Dist. Rep. 293; Vincent v. Huff, 4 Serg. & Rawle, 298; Com. v. Preston, 188 Pa. 429; Rex v. Garside, 2 Adolphus & Ellis, 266.

*Warren I. Seymour*, with him *William A. Blakeley*, for appellee.

Opinion by Rice, P. J., December 12, 1910:

A plea of nolo contendere, when accepted by the court, is, in its effect upon the case, equivalent to a plea of guilty. It is an implied confession of guilt only, and cannot be used against the defendant as an admission in any civil suit for the same act. The judgment of conviction follows upon such plea as well as upon a plea of guilty. But there is a difference between the two pleas in that the defendant

cannot plead nolo contendere without the leave of the court. If such plea is tendered, the court may accept or decline it in its discretion: Com. v. Ingersoll, 145 Mass. 381; State ex rel. v. Hudson Q. S., 46 N. J. L. 112; State v. Conway, 20 R. I. 270; Doughty v. DeAmoreel, 22 R. I. 158; United States v. Hartwell, 3 Cliff. 221–232; State v. Siddall, 103 Me. 144. This is the generally accepted view in the jurisdictions of this country where the practice of entering and accepting such plea is recognized: 12 Cyc. L. & P. 354; 29 Cyc. L. & P. 1053; 2 Ency. Pl. & Pr. 78; Wharton's Cr. Pl. & Pr. (9th ed.), sec. 414. And it is the view recognized in Pennsylvania: Buck v. Com., 107 Pa. 486; Com. v. Holstine, 132 Pa. 357. It would seem that at one time in England the plea was accepted only in cases where a fine was to be imposed: 2 Hawkins' P. C., c. 31, sec. 3. But in none of the above-cited American cases is it decided that if the court accepts the plea, and the offense is punishable by imprisonment, the defendant may not be sentenced to imprisonment. On the contrary, the sentence under consideration in State ex rel. v. Hudson Q. S., 46 N. J. L. 112, as well as Com. v. Holstine, 132 Pa. 357, was to imprisonment. In the latter case the court said: "The defendant, appellant, was indicted in the court below for selling liquor without a license. To this indictment he pleaded non volo contendere. This, although not technically a plea of guilty, is so in substance, and justifies the court in imposing sentence." This clearly implies that the sentence would have been supported by the plea even if the facts of the case had not been brought on the record.

But it is urged that the sentence was illegal because the record does not show by express words that the plea was accepted or was entered by leave of court. To this it is enough to say that there is nothing on the record, as there was in Com. v. Ingersoll, 145 Mass. 381, from which it may be inferred that the court entered judgment otherwise than upon the plea or did not accept the plea. The plea indorsed on the indictment and signed by the defendant

shows that it was entered on a certain date, and the docket entries show that on that day the defendant in open court pleaded nolo contendere, and that at a later date he was sentenced. In view of the state of the record, the action of the court in sentencing the defendant clearly imports an acceptance of the plea.

As this was not a case triable solely in the oyer and terminer, arraignment was not necessary. In the absence of anything to show the contrary, it is to be presumed that the plea was entered in open court, as the docket entries plainly show, and that the defendant was present in court when the sentence was imposed: Hazlett v. Com., 1 Pitts. 169; Holmes v. Com., 25 Pa. 221.

The only other objection requiring notice is that the record fails to show that the defendant was interrogated, before sentence, whether he had anything to say why sentence should not be imposed on him. In capital cases, it is essential that this shall appear of record, but this is not the rule in misdemeanors. The record does not show, and it is not to be presumed, that the defendant was denied the right to be heard in mitigation of sentence.

All of the assignments of error must be overruled.

The judgment is affirmed, the record is remitted to the court of quarter sessions of Allegheny county with direction that the judgment be fully carried into effect, and to that end it is ordered that the defendant forthwith appear in that court, and that he be by that court committed to serve and comply with such part of his sentence as had not been performed at the time this appeal was made a supersedeas.