# Commonwealth, ex rel., District Attorney, Appellant, v. Jackson.

*Criminal law—Criminal procedure—Pleas—Nolo contendere—Bribery—School directors—School code—Act of May 18, 1911, P. L. 309, Sections 225, 711—Conviction—Forfeiture of office—Quo warranto.*

1. While a plea of nolo contendere when accompanied by a protestation of innocence will not preclude the defendant in a civil suit from contesting the facts charged in the indictment, it has the same effect as a plea of guilty so far as the indictment is concerned, and when judgment has been entered on the plea, the record is competent evidence of the fact of conviction.

2. An indictment charging that the defendant did "wilfully and unlawfully ask for, receive and accept a certain sum of money, to wit: the sum of ten dollars for his vote, recommendation and influence to secure the said borough......to adopt and purchase certain doormats being school supplies and furniture......said money being asked for and accepted......to influence the vote and official behavior" of the said defendant as school director, charges an offense under Sections 225 and 711 of the School Code of May 18, 1911, P. L. 309. Such offense is complete when the bribe has been accepted; it is not material whether the promise was carried out.

COM., ex rel., Dist. Atty., Appellant, *v.* JACKSON. 531

1915.]        Syllabus—Opinion of the Court.

· 3. A plea of nolo contendere in such case precludes school directors from averring in quo warranto proceedings to oust them from office that they had not been convicted of the offense charged.

4. A school director who sells his vote is guilty under both Sections 225 and 711 of the School Code of May 18, 1911, P. L. 309, but a teacher is not an officer to whom the forfeiture clause in Section 225 is applicable.

5. In Section 225 of the school code providing for the removal of a school director who sells his vote as to any "matter or action that shall come before the board," the word "shall" does not necessarily mean that the matter must be before the board before the offense is complete, but also recognizes some future action to be taken, and is used in the sense of "may."

Argued Feb. 24, 1915.   Appeal, No. 22, Jan. T., 1915, by plaintiff, from judgment of C. P. Lackawanna Co., Oct. T., 1914, No. 501, for defendants on demurrer to answer to suggestion for writ of quo warranto, in case of Commonwealth, ex rel., District Attorney, v. Edward Jackson and Charles Burlingame.   Before Brown, C. J., Potter, Stewart, Moschzisker and Frazer, JJ.   Reversed.

Suggestion for writ of quo warranto.   Before Edwards, P. J.

The opinion of the Supreme Court states the facts.

The plaintiff demurred to the answer to the suggestion for the writ.   The court overruled the demurrer and entered judgment for defendants.   Plaintiff appealed.

*Error assigned* was the judgment of the court.

*George Morrow,* with him *George W. Maxey,* for appellant.

*C. P. O'Malley* and *R. W. Archbald,* with them *W. L. Houck,* for appellees.

Opinion by Mr. Justice Frazer, March 15, 1915:

The suggestion for a writ quo warranto in this case

532 COM., ex rel., Dist. Atty., Appellant, *v.* JACKSON.

Opinion of the Court.                    [248 Pa.

avers that defendants, who are school directors of the school district of the Borough of Dickson City, were separately indicted for soliciting and accepting a bribe to influence their votes and action in their capacity as school directors. The first count of the indictment charges that each defendant did "wilfully and unlawfully ask for, receive and accept......a certain sum of money, to wit, the sum of ten dollars for his vote, recommendation and influence, to secure the said Borough of Dickson City school district to adopt and purchase certain doormats being school supplies and furniture...... said money being asked for and accepted......to influence the vote and official behavior" of the said defendants as school directors. The suggestion further avers that defendants had each entered a plea of nolo contendere to this count, and a judgment was entered against them and a fine of twenty-five dollars and costs imposed upon each, which fine has since been paid. The suggestion then recited Section 225 of the Act of May 18, 1911, P. L. 309, known as the school code, which provides that any school directors "who shall directly or indirectly, accept or receive any money or any other valuable thing for voting for or against, or for withholding his vote for or against any appointment or matter or action that shall come before the board or any committee thereof, or before any convention of school directors of which he is a member, shall be guilty of a misdemeanor, and on conviction thereof shall forfeit his office" and shall be liable to a fine or imprisonment, either or both as the court shall determine. The writ of quo warranto was issued, and defendants filed an answer admitting the fact of indictment and entry of plea of nolo contendere, but averring that a number of indictments had been brought against them "which they had endeavored to have tried at various terms of court, but were unable to secure trial, and for the purpose of having the matter determined and ended by the advice of their counsel, and with the understanding it would not affect their stand-

COM., ex rel., Dist. Atty., Appellant, *v.* JACKSON. 533

1915.]                    Opinion of the Court.

ing as members of the school board, they entered the said plea." The answer further avers that "they have been acquitted of any charge under the said Section 225 of the school code which is the only section of the school code providing for the removal from office," and also that they are and have been innocent of crimes charged in Sections 225 and 711 of the act referred to and also "that they never intended in entering the plea of nolo contendere to said indictment to admit anything to the contrary thereof, nor was it so understood at the time, but on the contrary they protested and maintained their innocence of the offense charged and the said plea was accepted with that understanding at the time."

It appears from the opinion of the court below that there were two counts to the indictment, and that a nol pros was entered as to the second count. If defendants' alleged acquittal was under this count it should have been so stated and the record quoted. In the absence of an express averment that the first count of the indictment was not drawn under Section 225, the allegation that defendants were acquitted under that section must be held to be a conclusion of law not admitted by the demurrer. The answer seems to be inconsistent in alleging an acquittal under Section 225, and at the same time protesting that the plea of nolo contendere was entered with the understanding that it would not affect their standing as members of the school board. If the plea of nolo contendere was not entered under Section 225, no such understanding was necessary. The court below finds that neither count was under Section 225, and that defendants' counsel so understood when the plea was entered. The question raised by the demurrer is not what counsel may have thought or what defendants aver, but what is the fact.

Section 711 is under Article VII relating to books, furniture and supplies, and provides that, "any school director, officer, superintendent, supervising principal or teacher, who shall ask for or accept money or other

534 COM., ex rel., Dist. Atty., Appellant, *v.* JACKSON.

Opinion of the Court. [248 Pa.

valuable thing for his vote, recommendation or influence, in order to secure the recommendation, adoption, rejection or purchase of any school books, school furniture or other school supplies," shall be guilty of 'a misdemeanor, and on conviction thereof, shall be sentenced to pay a fine or undergo imprisonment, or both at the discretion of the court. Section 225 above quoted is found under Article II, relating to the election, qualification and duties of directors, and apparently was intended to cover all acts done by directors as such concerning matters brought before the school board or a committee thereof, or before conventions of school directors, while the former would include all individual acts not only of directors but also of other officers and teachers. A teacher would not be an officer to which the forfeiture clause in Section 225 would be applicable, but a director might well subject himself to punishment under either or both sections. A director by selling his vote would be guilty under both sections, by using his influence in the other ways specified he would be guilty under Section 711 alone.

What is the offense set forth in the first count of the indictment? The language of the statute need not be copied verbatim. It is necessary to determine from all the significant words used whether the crime charged is that contained in Section 225 or 711, or in both. A careful reading of the count in the indictment shows that much of the language is taken from Section 711. This is not conclusive as the two sections parallel each other in several respects, but the thing which seems to settle the controversy is the use of the words "official behavior," and "acting as such school director." It is the "official behavior" which was sought to be influenced, and the crime involved falls within Section 225, for which the forfeiture of office is prescribed, as well as in Section 711. It is argued by defendants that while the offense under Section 711 is complete as soon as the bribe is accepted, under Section 225 it must be actually

COM., ex rel., Dist. Atty., Appellant, *v.* JACKSON. 535

1915.]                    Opinion of the Court.

carried into effect. This construction does not seem sound as it is the "acceptance or receipt" of the money for the purpose stated which constitutes the offense, regardless of whether or not the promise was carried out. The word "shall" in the clause "matter or action that shall come before the board" when construed in connection with the context does not necessarily mean that the matter must have been before the board before the offense is complete, but also recognize some future action to be taken, and is used in the sense of "may."

While the plea of nolo contendere when accompanied by a protestation of innocence will not preclude a defendant in a civil suit from contesting the facts charged in the indictment, it has the same effect as a plea of guilty, so far as the indictment is concerned, and when judgment has been entered on the plea the record is competent evidence of the fact of conviction, Buck v. Commonwealth, 107 Pa. 486. The conviction being established, and in fact being admitted in the answer to the writ, the only question is as to the consequence of such conviction. If this were a civil action based on the facts charged in the indictment, the fact of conviction would not conclude defendants. But this action is merely one to enforce a statutory provision of the school code, which says that forfeiture of office shall follow a conviction for stated offenses. The conviction being admitted, the effect follows by virtue of the express provisions of the act, and there is nothing to be tried, and the only thing remaining to be done being to carry out the provisions of the law. If defendants considered the indictment insufficient to sustain a conviction under Section 225 of the code, they should have raised the question at the proper time, so as to have eliminated all doubt.

The order of the lower court overruling the demurrer is reversed, and judgment is now entered in favor of the Commonwealth with costs to be paid by appellees.