Commonwealth ex rel. Monaghan, Appellant, *v.* Burke, Warden.

Argued March 29, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

418

*Charles A. Lord,* for petitioner.

*James W. Tracey, Jr.,* First Assistant District Attorney, with him *John H. Maurer,* District Attorney, for respondent.

PER CURIAM, July 20, 1950:

This is an appeal by relator from an order of the Court of Common Pleas of Montgomery County dismissing writ of habeas corpus.[1] Upon the filing of the petition for writ of habeas corpus and the answer of the District Attorney of Philadelphia County, the court below issued writ directing that the relator be produced in open court. A hearing was held at which relator was present.

The question presented on this appeal is whether the plea of nolo contendere is allowable in a non-capital felony. The relator in his petition averred that he was improperly permitted by the trial court to plead nolo contendere to four bills of indictment charging crimes of a serious nature, and thus was improperly sentenced on the plea to the state penitentiary for a maximum term of fifteen years.

---

[1] Relator has filed previous petition for writ of habeas corpus. See opinion of court below and answer of District Attorney of Philadelphia County. The present petition was presented to the Court of Common Pleas of Montgomery County, as relator is confined in that county.

On March 22, 1930, relator was arrested in the City of Philadelphia, and on March 24, 1930, he was indicted as follows:

Bill No. 1212, March Sessions, 1930—Assault. Being armed with an offensive weapon with an attempt to rob.

Robbery. Being armed with an offensive weapon.

Attempted robbery. And at commission thereof, beating, striking, and ill-using.

Bill No. 1213, March Sessions, 1930—Entering with intent to commit a felony.

Bill No. 1214, March Sessions, 1930—Assault and battery. Aggravated assault and battery.

Bill No. 1215, March Sessions, 1930—Carrying concealed deadly weapons.

On March 25, 1930, relator stood mute when arraigned in the Court of Oyer and Terminer of Philadelphia County. Pleas of not guilty were entered on the respective bills of indictment by direction of the court. On March 31, 1930, the pleas of not guilty on all bills were withdrawn, and a plea of nolo contendere was entered on each bill of indictment. The pleas were entered by leave of the court. Relator was sentenced on bill No. 1212 to the Eastern State Penitentiary for a term of not less than six years nor more than fifteen years. On bill No. 1215 reference is made to the sentence on bill No. 1212. No sentence was entered on bills Nos. 1213 and 1214. Relator was adjudged guilty on the pleas to bills Nos. 1212 and 1215, and this was noted on both bills of indictment. On bills Nos. 1213 and 1214 relator was adjudged not guilty. Relator was confined in the penitentiary from March 31, 1930, until April 1, 1937, when he was released on parole. On February 19, 1942, relator was returned to the penitentiary as a parole violator; he was re-paroled on November 6, 1943; he was recommitted on May 6, 1946, as a parole violator, having been convicted and sentenced for crimes committed during

period of parole; and he is now serving the unexpired portion of a maximum sentence of fifteen years imposed on bill No. 1212 on March 31, 1930. See section 10 of the Act of June 19, 1911, P. L. 1055, as amended, 61 PS §305; *Com. ex rel. McDevitt v. Burke,* 166 Pa. Superior Ct. 194, 197, 70 A. 2d 663; *Com. ex rel. Lerner v. Smith,* 151 Pa. Superior Ct. 265, 269, 30 A. 2d 347.

The court below properly held that the legal effect in Pennsylvania of a plea of nolo contendere, after it has been accepted by the court, is equivalent to a plea of guilty for the purposes of the prosecution or so far as the indictment is concerned. *Com. ex rel. District Attorney v. Jackson,* 248 Pa. 530, 535, 94 A. 233; *Com. v. Ferguson,* 44 Pa. Superior Ct. 626. The difference between a plea of nolo contendere and a plea of guilty is that, while the latter is a confession binding defendant in other proceedings, the former has no effect beyond the particular case. 14 Am. Jur., Criminal Law, §§275, 276. We know of no reason why the plea of nolo contendere may not be tendered and accepted by the court in its discretion in a non-capital case, felony or misdemeanor, and a prison or penitentiary sentence, permissible for the offense charged, imposed. See *Teslovich v. Fireman's Fund Insurance Co.,* 110 Pa. Superior Ct. 245, 250, 168 A. 354. Within the limitation that it is not admissible in a capital case (*Com. v. Shrope,* 264 Pa. 246, 107 A. 729; *Com. v. Loomis,* 267 Pa. 438, 110 A. 257), we are of the opinion that it may be accepted or declined in the discretion of our trial courts in any case. This is the generally accepted view. See *Hudson v. United States,* 272 U. S. 451, 47 S. Ct. 127, 71 L. Ed. 347; *Buck v. Commonwealth,* 107 Pa. 486, 489; *Com. v. Ferguson,* supra, 44 Pa. Superior Ct. 626; *Com. v. Smith (No. 1),* 116 Pa. Superior Ct. 134, 138, 177 A. 68; *Com. ex rel. Hice v. Ashe,* 166 Pa. Superior Ct. 35, 70 A. 2d 479; Annotation, 152 A. L. R. 253, 261-263.

It may not have been the province of the trial court to adjudge relator guilty or not guilty on the respective pleas as that follows by necessary legal inference from the pleas. *Com. v. Holstine,* 132 Pa. 357, 19 A. 273; *Com. v. Rousch,* 113 Pa. Superior Ct. 182, 185, 172 A. 484. However, having accepted the pleas there was a judgment of conviction as upon a plea of guilty; the imposition of sentence clearly imports an acceptance of the plea. *Com. v. Ferguson,* supra, 44 Pa. Superior Ct. 626, 630.

Order is affirmed.