J-S69034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK ADAM HENDERSON, | |
| Appellant | No. 507 MDA 2016 |

Appeal from the Judgment of Sentence February 19, 2016
in the Court of Common Pleas of Huntingdon County
Criminal Division at Nos.: CP-31-CR-0000405-2015
CP-31-CR-0000407-2015
CP-31-CR-0000511-2015
CP-31-CR-0000535-2015

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK ADAM HENDERSON, | |
| Appellant | No. 508 MDA 2016 |

Appeal from the Judgment of Sentence February 19, 2016
in the Court of Common Pleas of Huntingdon County
Criminal Division at Nos.: CP-31-CR-0000405-2015
CP-31-CR-0000407-2015
CP-31-CR-0000511-2015
CP-31-CR-0000535-2015

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |

J-S69034-16

MARK ADAM HENDERSON,

                Appellant                 No. 509 MDA 2016

Appeal from the Judgment of Sentence February 19, 2016
in the Court of Common Pleas of Huntingdon County
Criminal Division at Nos.: CP-31-CR-0000405-2015
CP-31-CR-0000407-2015
CP-31-CR-0000511-2015
CP-31-CR-0000535-2015

COMMONWEALTH OF PENNSYLVANIA,       IN THE SUPERIOR COURT OF
PENNSYLVANIA

                Appellee

                v.

MARK ADAM HENDERSON,

                Appellant                 No. 510 MDA 2016

Appeal from the Judgment of Sentence February 19, 2016
in the Court of Common Pleas of Huntingdon County
Criminal Division at Nos.: CP-31-CR-0000405-2015
CP-31-CR-0000407-2015
CP-31-CR-0000511-2015
CP-31-CR-0000535-2015

BEFORE: STABILE, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:         **FILED OCTOBER 21, 2016**

In these consolidated appeals, Appellant, Mark Adam Henderson, appeals *pro se* from the judgment of sentence imposed following his entry of a counseled, negotiated *nolo contendere* plea, *inter alia*, to eight charges

---

[*] Retired Senior Judge assigned to the Superior Court.

- 2 -

involving driving under the influence with a suspended license. Counsel has filed a petition to withdraw from representation on the basis of frivolity, and a supporting brief pursuant to ***Anders v. California*** and ***Commonwealth v. Santiago***.[1] Appellant filed both a reply to the petition to withdraw and a separate *pro se* brief. Appellant has also filed four *pro se* motions (and one *pro se* petition). We deny all of Appellant's *pro se* motions. We grant counsel's petition to withdraw, and we affirm Appellant's judgment of sentence.

On February 19, 2016, Appellant entered counseled, negotiated *nolo* pleas to four separate criminal informations (four counts of driving under the influence, controlled substance, impaired ability, **fourth and subsequent offense**; and four counts of driving while license suspended).[2] As part of the agreement, other pending charges were *nolle prossed*.[3] Appellant completed and signed a written *Nolo Contendere* Colloquy, co-signed by plea

---

[1] ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

[2] Appellant does not appeal from two sentences of probation for forgery of prescriptions which were also part of the global agreement.

[3] The other charges included violation of 75 Pa.C.S.A. § 1501 (drivers required to be licensed); § 6503.1 (habitual offenders), and other acts involving impaired driving. Appellant was apparently also charged with theft of a cellphone, trespass and attempting to elude police by hiding in a crawl space and crawling into the attic of an adjoining property when the officers came to serve an arrest warrant on him.

counsel. After a thorough on-the-record colloquy, the court accepted Appellant's plea. (*See* N.T. Plea and Sentencing, 2/19/16, at 2-8).

On the same day, the court imposed the negotiated aggregate sentence of not less than eighty-four months' and not more than one hundred-sixty-eight months' incarceration in a state correctional institution. (*See id.* at 8-10).[4] The sentencing court also found Appellant to be RRRI eligible for a minimum sentence of seventy months' incarceration. (*See id.*).

On March 9, 2016, Appellant filed a *pro se* motion to modify or reduce sentence. Even though the post-sentence motion was untimely on its face, the court scheduled a hearing.[5] (*See* Order, 4/01/16). However, before the hearing could be held, Appellant filed a *pro se* notice of appeal, on March 18, 2016, albeit erroneously addressed to the Pennsylvania Supreme Court.[6]

_____

[4] As part of the global plea, the court also sentenced Appellant to two terms of probation (five years each) for the two counts of forgery (prescriptions) previously noted. The terms of probation were consecutive to each other and to the term of incarceration. (*See* N.T. Plea and Sentencing, at 10). The sentencing court made all other sentences concurrent to the aggregate sentence of incarceration (seven to fourteen years). (*See id.* at 9-10).

[5] A defendant must file a post-sentence motion within ten days of imposition of sentence. Pa.R.Crim.P. 720(A)(1); *see also Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa. Super. 2015); *Commonwealth v. Dreves*, 839 A.2d 1122, 1128 (Pa. Super. 2003).

[6] This Court consolidated the appeals at Nos. 507, 508, 509, and 510, *sua sponte*, *per curiam*. (*See* Order, 4/20/16).

Counsel filed a court-ordered statement of errors on April 26, 2016. **See** Pa.R.A.P. 1925(b). On June 23, 2016, counsel also filed a petition to withdraw (captioned as a motion) and, in support, an **Anders** brief. In the brief, after reviewing Appellant's claims of ineffective assistance and an excessive sentence, counsel concluded that the appeal was frivolous, and that nothing in the record supports the appeal. (**See Anders** Brief, 6/23/16, at 20).

> Counsel's third obligation under **Anders** [after filing a petition to withdraw and an **Anders** brief] is to furnish a copy of the brief to the appellant, advising him of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief. **This last option (*i.e.,* to raise additional points) means that the appellant, although still represented by *Anders* counsel, may file a brief with this Court.**

**Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 936 A.2d 40 (Pa. 2007) (emphasis added) (citation omitted); **see also Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005).

Here, counsel sent Appellant a letter advising him, *inter alia*, that he had the right to proceed *pro se* on the appeal, and the right to raise any points he deemed worthy of this Court's consideration. (**See** Letter of Counsel to Mark A. Henderson, 6/23/16).[7]

---

[7] It is apparent that at the time of the appeals, Appellant was still represented by counsel. Accordingly, Appellant's pro se notice of appeal
*(Footnote Continued Next Page)*

Appellant proceeded to file with this Court a petition to proceed *pro se*, on July 1, 2016; a *pro se* motion to withdraw the no-contest plea, on August 2, 2016; and a motion to vacate sentence, on August 5, 2016. On August 22, 2016, Appellant also filed a *pro se* motion for *habeas corpus* relief. The motions and the petition were deferred, *per curiam*, to this merit panel for disposition. (**See** Order, 8/04/16).

The trial court filed a 1925(a) Memorandum on May 16, 2016. **See** Pa.R.A.P. 1925(a). Appellant filed a *pro se* brief, on July 12, 2016. On July 27, 2016, he filed a reply brief in response to counsel's petition to withdraw and **Anders** brief.

Before addressing the merits of Appellant's claims, we must first review counsel's petition to withdraw. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**, **supra**.

The brief must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that

*(Footnote Continued)* ───────────

appears to be an example of hybrid representation. However, in view of counsel's subsequent filing of a Rule 1925(b) statement of errors on behalf of Appellant, the trial court's acceptance of it, and this Court's *sua sponte* consolidation of Appellants appeals, as well as counsel's proper advice that Appellant could appeal *pro se*, we give Appellant the benefit of the doubt and proceed to review his subsequent appeal.

counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, or statutes on point that have led to the conclusion that the appeal is frivolous. *See Santiago*, *supra* at 361.

Counsel must also provide Appellant with a copy of the **Anders** brief, together with a letter that advises the appellant of his or her right to proceed *pro se*, as already noted.

Substantial compliance with these requirements is sufficient. **See Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa. Super. 2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa. Super. 2006) (citation omitted).

Here, counsel filed a petition to withdraw from further representation, along with the **Anders** brief that concluded Appellant's appeal is frivolous. The petition further explains that counsel notified Appellant of the withdrawal request and sent Appellant a letter explaining his right to proceed *pro se* or with new, privately-retained counsel to raise any additional points or arguments that Appellant believed had merit. In the **Anders** brief, counsel provides a summary of the facts and procedural history of the case

with citations to the record, refers to evidence of record that might arguably support the issue raised on appeal, provides citations to relevant case law, and states his conclusion that the appeal is wholly frivolous and the reasons for the conclusion. Accordingly, we conclude that counsel has substantially complied with the requirements of **Anders** and **Santiago**.

Because counsel's petition and brief satisfy the requirements of **Anders** and **Santiago**, we will undertake our own review of the appeal to determine if it is wholly frivolous. **See Palm**, **supra** at 1246; **see also Commonwealth v. O'Malley**, 957 A.2d 1265, 1266-67 (Pa. Super. 2008).

The **Anders** brief raises two questions for our review:[8]

> 1. Whether [Appellant] can raise claims of ineffective assistance of counsel in a direct appeal to this Court?
>
> 2. Whether [Appellant] can challenge the discretionary aspect of his sentence where, as here, the plea agreement included a negotiated sentence which the [t]rial [c]ourt [ ] accepted and imposed?

(**Anders** Brief, at 8).

Preliminarily, we note that:

> It is well established that a plea of *nolo contendere* is treated as a guilty plea in terms of its effect upon a given case. **Commonwealth v. Leidig**, 850 A.2d 743, 745 (Pa. Super. 2004) ("in terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea"). We are aware that by entering a *nolo contendere* plea, a defendant does not admit that he is guilty. **Commonwealth v. Lewis**, 791 A.2d

---

[8] The Commonwealth did not file a brief in this appeal.

1227 (Pa. Super. 2002); *see also Commonwealth v. Moser*, 999 A.2d 602 (Pa. Super. 2010). "As the United States Supreme Court has held, a plea of *nolo contendere* is 'a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of sentencing to treat him **as if he were guilty.**' *North Carolina v. Alford*, 400 U.S. 25, 36, 91 S. Ct. 160, 167, 27 L.Ed.2d 162, 170 (1970)." *Lewis, supra* at 1234 (emphasis added). "[T]he difference between a plea of *nolo contendere* and a plea of guilty is that, while the latter is a confession binding defendant in other proceedings, the former has no effect beyond the particular case." *Moser, supra* at 606 (quoting *Commonwealth ex rel. Monaghan v. Burke*, 167 Pa. Super. 417, 74 A.2d 802, 804 (1950)). Thus, for purposes of proceedings relating to the charges, Appellant agreed to be treated as guilty of the crimes.

*Commonwealth v. V.G.*, 9 A.3d 222, 226–27 (Pa. Super. 2010).

Next, we observe that, as correctly noted by counsel, the trial court properly decided that Appellant's claims of ineffective assistance of counsel may only be raised on collateral appeal. (*See Anders* Brief, at 18; Trial Ct. Op., at 1); *see also Commonwealth v. Grant*, 813 A.2d 726, 739 (Pa. 2002) (holding that, with exceptions not applicable to this appeal, general rule is that petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review); *Commonwealth v. Holmes*, 79 A.3d 562, 563 (Pa. 2013) (reaffirming general rule of *Grant* deferring claims of ineffective assistance of counsel to PCRA review).

Counsel also concluded correctly that the trial court properly decided that when a plea agreement includes a negotiated sentence accepted and imposed by the sentencing court, there is no authority to challenge the discretionary aspects of that sentence. (*See Anders* Brief, at 19; Trial Ct.

Op., at 2); *see also Commonwealth v. Dalberto*, 648 A.2d 16 (Pa. Super. 1994), *appeal denied*, 655 A.2d 983 (Pa. 1995), *cert. denied*, 516 U.S. 818 (1995):

> [I]n a negotiated plea agreement, where a sentence of specific duration has been made part of a plea bargain, it would clearly make a **sham** of the negotiated plea process for courts to allow defendants to later challenge their sentence; this would, in effect, give defendants a second bite at the sentencing process.

*Id.* at 21 (citation and internal quotation marks omitted) (emphasis added).

**Accord**, **O'Malley**, **supra** at 1267 (holding one who pleads guilty and receives negotiated sentence may not then seek discretionary review of that sentence) (citing **Dalberto**, at 20).

Therefore, we agree with counsel and the trial court that the questions raised in the **Anders** brief are wholly frivolous. Next, we make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous. **See Palm**, **supra** at 1246; **see also O'Malley**, **supra** at 1267. In that context, we review the additional claims raised by Appellant himself.

In his *pro se* brief, Appellant raises the following questions:

> 1. Was a plea of *nolo contendere* unlawfully induced where the Appellant is innocent of the charges? Did [c]ounsel's ineffectiveness prevent the plea from being voluntary, knowing, or intelligent?

> 2. Did [c]ounsel fail to advocate for the Appellant in the plea [bargaining] process and at a [minimum] should have presented evidence of mitigation resulting in a more favorable outcome of the plea [bargaining] process with lesser charges and a lesser prison sentence?

- 10 -

3. Is there a factual basis for the charges according to the plain language of the [statute] and is the Appellant innocent of the charges in which he was unlawfully induced to plea [sic] *nolo contendere*?

4. Did the court and prosecution err in violating Appellant's eighth amendment rights protecting him from excessive bail and cruel and unusual punishment?

5. Was the Appellant prejudiced by breech agreements where there was no reasonable basis no [sic] to honor those agreements?

6. Does Appellant's sentence violate the priniciple [sic] of proportionality, that the punishment should not exceed the gravity of the offense and did the court err in failing to rule on Appellant's timely motion to modify sentence?

7. Does sufficent [sic] evidence exist of arguable merit to support suppression of evidence which counsel failed to advise the Appellant of?

8. Should the charges be quashed and dismissed or in lieu of a complete or partial dismissal, Appellants [sic] plea of *nolo contendere* should be withdrawn, the Appellant's sentence should be vacated, and be set at liberty on bail?

([*Pro Se*] Brief for Appellant, at 6).

As a prefatory matter, although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

*Commonwealth v. Lyons*, 833 A.2d 245, 251–52 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (citations omitted).

First, Appellant fails to demonstrate where in the record his claims in his motions, petition or *pro se* brief were raised with the trial court (other than the challenge to the negotiated sentence, which he abandoned by filing his purported *pro se* notice of appeal before the scheduled hearing). "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Accordingly, they are waived.

Moreover, we remain mindful that:

> The law does not require that a defendant be pleased with the outcome of his decision to enter a plea of guilty. All that is required is that the defendant's decision to plead guilty be knowingly, voluntarily and intelligently made.

> Pennsylvania has constructed its guilty plea procedures in a way designed to guarantee assurance that guilty pleas are voluntarily and understandingly tendered. The entry of a guilty plea is a protracted and comprehensive proceeding wherein the court is obliged to make a specific determination after extensive colloquy on the record that a plea is voluntarily and understandingly tendered. A guilty plea colloquy must include inquiry as to whether (1) the defendant understood the nature of the charge to which he is pleading guilty; (2) there is a factual basis for the plea; (3) the defendant understands that he has the right to a jury trial; (4) the defendant understands that he is presumed innocent until he is found guilty; (5) the defendant is aware as to the permissible range of sentences; and (6) the defendant is aware that the judge is not bound by the terms of any plea agreement unless he accepts such agreement. Inquiry into these six areas is mandatory in every guilty plea colloquy.

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Therefore, [w]here the record clearly demonstrates that a guilty plea

colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established.

***Commonwealth v. Myers***, 642 A.2d 1103, 1105 (Pa. Super. 1994) (citations and internal quotation marks omitted).

Here, our independent review of the record reveals that, prior to accepting Appellant's *nolo* plea, the trial court engaged Appellant in an extensive colloquy in which he consistently affirmed that he understood all of the rights he would be giving up by pleading *nolo contendere*. (**See** N.T. Plea and Sentencing, at 2-8).

Nevertheless, on appeal, in addition to alleging repeatedly the purported ineffectiveness of plea counsel, Appellant asserts that his *nolo* plea was "unlawfully induced" and he is innocent.[9] (*Pro Se* Brief, at 13). However, he fails to develop an argument or provide pertinent facts or controlling legal authority in support of these essentially boilerplate claims.

Instead, in a meandering, unfocussed and non-compliant brief, Appellant employs the simple expedient of categorically denying, whenever conceivable to him, the factual basis of the plea presented in the affidavits of probable cause and at the hearing. (**See** *Pro Se* Brief, at 13-46). As an alternative, he attempts to re-characterize the facts of record into a self-

---

[9] We note that under current controlling authority, a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant a request to withdraw a guilty plea. ***See Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1292 (Pa. 2015).

serving narrative that he appears to believe is exculpatory. His reliance is misplaced.

> Appellant's challenge to the *nolo contendere* plea was made after sentencing, and the standard for withdrawing a plea is manifest injustice. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. Therefore, Appellant's claims will be reviewed under the manifest injustice standard.

*Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999), *appeal denied*, 764 A.2d 1068 (Pa. 2000) (citations omitted).

> Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. **A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled.**

*Id.* at 790–91 (1999) (citations, quotation marks and other punctuation omitted) (emphasis added).

For all these reasons, there is no merit to the issues Appellant raises *pro se*. He has not met his burden of proving that his *nolo* plea was involuntarily entered. He has failed to demonstrate the manifest injustice necessary to permit him to withdraw the plea after sentence was imposed.

The written and oral plea colloquies in this case affirmatively establish that Appellant, a habitual offender with a long record of similar violations, knowingly, intelligently and voluntarily agreed to plead *nolo*, after

- 14 -

negotiating a favorable plea bargain with a fixed sentence, with RRRI eligibility, and the *nolle prossing* of numerous related charges. The totality of the circumstances contained in the record confirms that he had a full understanding of the consequences of his decision and of the rights he would be giving up by pleading.

Appellant will not now be permitted to withdraw his plea by making a bald assertion that he was innocent of the charges to which he pleaded *nolo contendere*. **See Carrasquillo**, **supra** at 1292. An Appellant's post-sentence denial of guilt, particularly when the *nolo* plea does not include an admission of guilt in the first place, does not rise to the level of prejudice on the order of manifest injustice sufficient to require that he be permitted to withdraw his plea. **See Myers**, **supra**, at 1108 (citing **Commonwealth v. Jackson**, 479 A.2d 5, 6 (Pa. Super. 1984)).

Appellant's claims of ineffective assistance of counsel are denied without prejudice to Appellant's proper presentation of them in a timely filed, procedurally compliant PCRA petition.

We conclude that all of Appellant's remaining *pro se* claims lack any support in fact or law. Similarly, Appellant's *pro se* motion for *habeas corpus* relief, relying on **Birchfield v. N.D.**, 136 S. Ct. 2160 (2016), is distinguishable on the facts and the law as well as its procedural posture. Accordingly, they are all wholly frivolous. On independent review, we find no non-frivolous claims.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/21/2016