J-S71044-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARDO INFANTE, | |
| Appellant | No. 3666 EDA 2016 |

Appeal from the Judgment of Sentence December 8, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0015363-2013

BEFORE:  PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED JANUARY 31, 2018**

Appellant, Edwardo Infante, appeals *nunc pro tunc* from the judgment of sentence imposed following his counseled, open plea of *nolo contendere* to aggravated assault, attempted rape, and related charges.  Counsel has filed a petition to withdraw and an **Anders** brief.[1]  We grant the petition to withdraw and affirm the judgment of sentence.

The underlying facts of this case are not in dispute.  After assaulting a door attendant to gain entry to an apartment house, Appellant forced his way

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See Anders v. California**, 386 U.S. 738 (1967); **see also Commonwealth v. Santiago**, 978 A.2d 349, 351 (Pa. 2009).

into the victim's apartment, and proceeded to assault her sexually in several ways. The door man called the police. When the police arrived, Appellant resisted arrest and kicked a Philadelphia police sergeant in the groin. The police had to tase Appellant to subdue him.

On June 23, 2014, Appellant filed an open, counseled plea of no contest to reduced charges of aggravated assault, attempted rape, attempted involuntary deviate sexual intercourse, attempted aggravated indecent assault, and burglary. Appellant completed a written plea colloquy and the trial court engaged in an oral colloquy with Appellant. (*See* Trial Court Opinion, 3/06/17, at 3-4). The remaining charges were *nol prossed.* Appellant's plea avoided a possible aggregate sentence of not less than forty-five nor more than ninety years in prison. (*See id.* at 4). On December 8, 2014, the court sentenced Appellant to a term of not less than eight nor more than twenty years of incarceration followed by ten years of probation. At sentencing, the trial court was informed by the pre-sentence investigation report. (*See id.*).

Appellant did not then file a timely direct appeal, but his direct appeal rights were reinstated pursuant to a petition filed under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546. Appellant timely appealed, *nunc pro tunc*. However, his appointed counsel filed a statement of intent to file an *Anders* brief in *lieu* of filing a statement of errors. *See* Pa.R.A.P. 1925(c)(4).

Appellant has not responded. The trial court filed an opinion on March 6, 2017. *See* Pa.R.A.P. 1925(a).

"When presented with an *Anders* brief, this [C]ourt may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (citing *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc* )). To withdraw from an appeal pursuant to *Anders*, counsel must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago, supra* at 361.

On review, we find that counsel served Appellant a copy of the *Anders* brief, and advised him of his right to proceed *pro se* or to retain a private attorney to raise any additional points he deemed worthy of this Court's review. We conclude that counsel has substantially complied with the requirements of *Anders* and *Santiago*.[2]

---

[2] As already noted, Appellant has not responded to counsel's motion to withdraw.

- 3 -

Furthermore, counsel concludes that Appellant has no non-frivolous grounds for appeal. (*See Anders* Brief, at 3). On independent review, we agree.

> We are aware that by entering a *nolo contendere* plea, a defendant does not admit that he is guilty. **Commonwealth v. Lewis**, 791 A.2d 1227 (Pa. Super. 2002); *see also* **Commonwealth v. Moser**, 999 A.2d 602 (Pa. Super.2010 ). "As the United States Supreme Court has held, a plea of *nolo contendere* is 'a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of sentencing to treat him **as if he were guilty.**' **North Carolina v. Alford**, 400 U.S. 25, 36, 91 S.Ct. 160, 167, 27 L.Ed.2d 162, 170 (1970)." **Lewis**, **supra** at 1234 (emphasis added). "[T]he difference between a plea of *nolo contendere* and a plea of guilty is that, while the latter is a confession binding defendant in other proceedings, the former has no effect beyond the particular case." **Moser, supra** at 606 (quoting **Commonwealth ex rel. Monaghan v. Burke**, 167 Pa.Super. 417, 74 A.2d 802, 804 (1950)). Thus, for purposes of proceedings relating to the charges, Appellant agreed to be treated as guilty of the crimes.

**Commonwealth v. V.G.**, 9 A.3d 222, 226–27 (Pa. Super. 2010) (emphasis in original).

"[A] defendant who pleads *nolo contendere* waives all defects and defenses except those concerning the jurisdiction of the court, legality of sentence, and validity of plea." **Commonwealth v. Kraft**, 739 A.2d 1063, 1064 (Pa. Super. 1999) (footnote and citation omitted). On independent review, we find no non-frivolous basis to assert any of these defenses.

Judgment of sentence affirmed. Permission to withdraw granted.

J-S71044-17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/31/18

- 5 -